COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-299-CR
 
ANDREW TANEY                                                              
    
APPELLANT
V.
THE STATE OF TEXAS                                                              
STATE
------------
FROM THE 396
TH DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Pursuant to a plea bargain, Appellant
Andrew Taney pled guilty to the offense of theft of property worth more than
$1,500 but less than $20,000, a state jail felony.(2)
The trial court placed him on deferred adjudication community supervision for
four years. About eight months later, the State filed a petition to proceed to
adjudication. Appellant pled true to the allegations that he used illegal
substances, failed to attend a substance abuse assessment, and failed to report
to his probation officers. The trial court found these allegations true,
concluding that Appellant had violated the terms of his deferred adjudication
community supervision. The trial court then adjudicated Appellant guilty and
assessed punishment at fourteen months' confinement in the State Jail Division
of the Texas Department of Criminal Justice. Appellant timely filed a general
notice of appeal, which has not been amended.
Appellant's court-appointed appellate
counsel has filed a motion to withdraw as counsel and a brief in support of that
motion. In the brief, counsel avers that, in his professional opinion, this
appeal is frivolous. Counsel's brief and motion meet the requirements of Anders
v. California(3) by presenting a
professional evaluation of the record demonstrating why there are no arguable
grounds for relief. This court provided Appellant the opportunity to file a pro
se brief, but he has not done so.
Once Appellant's court-appointed counsel
files a motion to withdraw on the ground that the appeal is frivolous and
fulfills the requirements of Anders, this court is obligated to
undertake an independent examination of the record and to essentially rebrief
the case for Appellant to see if there is any arguable ground that may be raised
on his behalf.(4)
Appellant is foreclosed from now raising
issues related to his original plea proceeding.(5)
Similarly, he is prohibited from appealing the adjudication of guilt.(6)
The only exception to these rules is the "void judgment" exception.(7)
As the Texas Court of Criminal Appeals has explained:

        
 A judgment of conviction for a crime is void when (1) the document purporting
 to be a charging instrument (i.e. indictment, information, or complaint) does
 not satisfy the constitutional requisites of a charging instrument, thus the
 trial court has no jurisdiction over the defendant, (2) the trial court lacks
 subject matter jurisdiction over the offense charged, such as when a
 misdemeanor involving official misconduct is tried in a county court at law,
 (3) the record reflects that there is no evidence to support the conviction,
 or (4) an indigent defendant is required to face criminal trial proceedings
 without appointed counsel, when such has not been waived, in violation of Gideon
 v. Wainwright.(8)

Our review of the record reveals no
jurisdictional defects. The trial court had jurisdiction over this case.(9)
Further, the indictment sufficiently conferred jurisdiction on the trial court
and provided Appellant with sufficient notice.(10)
The record demonstrates that there was
evidence to support the conviction. Appellant's signed judicial confession
appears in the clerk's record. Although a signed judicial confession admitted
into evidence is sufficient evidence to support a guilty plea, we do not have a
reporter's record from the original proceeding to show that Appellant's
confession was admitted into evidence.(11)
Appellant waived his right to a reporter's record at the original proceeding.
"[F]or a judgment to be void, the record must leave no question about the
existence of the fundamental defect. If the record is incomplete, and the
missing portion could conceivably show that the defect does not in fact exist,
then the judgment is not void."(12)
Consequently, Appellant could not rely on the absence of the reporter's record
to allege a "void judgment" at this stage.(13)
Finally, the record shows that Appellant had counsel for the proceedings. We
conclude that the "void judgment" exception does not apply to
Appellant. Appellant may, however, still challenge all proceedings occurring
after adjudication.(14)
Our review of the record after
adjudication yields no reversible error. Just one of Appellant's pleas of true,
taken alone, was sufficient to support the revocation.(15)
Further, the sentence assessed by the trial court is within the statutorily
permissible range.(16) There is also no evidence
in the record that Appellant's trial counsel at revocation and punishment was
ineffective.(17)
After independently reviewing the record,
we therefore agree with appellate counsel's determination that any appeal from
this case would be frivolous. Accordingly, we grant appellate counsel's motion
to withdraw and affirm the trial court's judgment.
 
                                                                      
PER CURIAM
 
PANEL F: DAUPHINOT, HOLMAN, and GARDNER,
JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: August 14, 2003

1. See Tex. R. App. P. 47.4.
2. See Tex. Penal Code Ann. § 31.03(e)(4)
(Vernon 2003).
3. 386 U.S. 738, 87 S. Ct. 1396 (1967).
4. Stafford v. State, 813 S.W.2d 503, 511 (Tex.
Crim. App. 1991).
5. See Vidaurri v. State, 49 S.W.3d 880, 884
(Tex. Crim. App. 2001); Manuel v. State, 994 S.W.2d 658, 661 (Tex.
Crim. App. 1999).
6. See Tex. Code Crim. Proc. Ann. art. 42.12, §
5(b) (Vernon Supp. 2003).
7. Nix v. State, 65 S.W.3d 664, 668-69 (Tex.
Crim. App. 2001).
8. Id. at 668.
9. See Tex. Code Crim. Proc. Ann. art. 4.05.
10. See Tex. Const. art. V, § 12; Duron v.
State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).
11. See McDougal v. State, 105 S.W.3d 119, 120
(Tex. App.--Fort Worth 2003, pet. filed).
12. Nix, 65 S.W.3d at 668-69.
13. See Dinnery v. State, 592 S.W.2d 343, 353
(Tex. Crim. App. [Panel Op.] 1980) (op. on reh'g) (holding that after a guilty
plea, a judicial confession admitted into evidence is sufficient alone to
support a conviction).
14. See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(b); Vidaurri, 49 S.W.3d at 885.
15. Cole v. State, 578 S.W.2d 127, 128 (Tex.
Crim. App. [Panel Op.] 1979).
16. See Tex. Penal Code Ann. § 12.35(a).
17. See Strickland v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064 (1984); Hernandez v. State, 988 S.W.2d 770,
770 (Tex. Crim. App. 1999).