taney v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-299-CR

ANDREW TANEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Pursuant to a plea bargain, Appellant Andrew Taney pled guilty to the offense of theft of property worth more than $1,500 but less than $20,000, a state jail felony.
(footnote: 2)  The trial court placed him on deferred adjudication community supervision for four years.  About eight months later, the State filed a petition to proceed to adjudication.  Appellant pled true to the allegations that he used illegal substances, failed to attend a substance abuse assessment, and failed to report to his probation officers.  The trial court found these allegations true, concluding that Appellant had violated the terms of his deferred adjudication community supervision.  The trial court then adjudicated Appellant guilty and assessed punishment at fourteen months’ confinement in the State Jail Division of the Texas Department of Criminal Justice.  Appellant timely filed a general notice of appeal, which has not been amended.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 3) by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  This court provided Appellant the opportunity to file a pro se brief, but he has not done so.

Once Appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and to essentially rebrief the case for Appellant to see if there is any arguable ground that may be raised on his behalf.
(footnote: 4) 

Appellant is foreclosed from now raising issues related to his original plea proceeding.
(footnote: 5)  Similarly, he is prohibited from appealing the adjudication of guilt.
(footnote: 6) The only exception to these rules is the “void judgment” exception.
(footnote: 7)  As the Texas Court of Criminal Appeals has explained: 

A judgment of conviction for a crime is void when (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of 
Gideon v. Wainwright
.
(footnote: 8) 

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over this case.
(footnote: 9)  Further, the indictment sufficiently conferred jurisdiction on the trial court and provided Appellant with sufficient notice.
(footnote: 10) 

 The record demonstrates that there was evidence to support the conviction.  Appellant’s signed judicial confession appears in the clerk’s record. Although a signed judicial confession admitted into evidence is sufficient evidence to support a guilty plea, we do not have a reporter’s record from the original proceeding to show that Appellant’s confession was admitted into evidence.
(footnote: 11)  Appellant waived his right to a reporter’s record at the original proceeding.  “[F]or a judgment to be void, the record must leave no question about the existence of the fundamental defect.  If the record is incomplete, and the missing portion could conceivably show that the defect does not in fact exist, then the judgment is not void.”
(footnote: 12)  Consequently, Appellant could not rely on the absence of the reporter’s record to allege a “void judgment” at this stage.
(footnote: 13)  Finally, the record shows that Appellant had counsel for the proceedings.  We conclude that the “void judgment” exception does not apply to Appellant.  Appellant may, however, still challenge all proceedings occurring after adjudication.
(footnote: 14)   

Our review of the record after adjudication yields no reversible error.  Just one of Appellant’s pleas of true, taken alone, was sufficient to support the revocation.
(footnote: 15) Further, the sentence assessed by the trial court is within the statutorily permissible range.
(footnote: 16)  There is also no evidence in the record that Appellant’s trial counsel at revocation and punishment was ineffective.
(footnote: 17)
 After independently reviewing the record, we therefore agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.
 

PER CURIAM

PANEL F: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: August 14, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Penal Code Ann.
 § 31.03(e)(4) (Vernon 2003).

3:
386 U.S. 738, 87 S. Ct. 1396 (1967).

4:
Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

5:
See Vidaurri v. State
, 49 S.W.3d 880, 884 (Tex. Crim. App. 2001); 
Manuel v. State
, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999).

6:
See 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2003). 

7:
Nix v. State
, 65 S.W.3d 664, 668-69 (Tex. Crim. App. 2001).  

8:
Id.
 at 668.

9:
See
 Tex. Code Crim. Proc. Ann.
 art. 4.05.

10:
See
 Tex. Const. 
art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). 

11:
See McDougal v. State
, 105 S.W.3d 119, 120 (Tex. App.—Fort Worth 2003, pet. filed).

12:
Nix
, 65 S.W.3d at 668-69.

13:
See Dinnery v. State,
 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1980) (op. on reh’g) (holding that after a guilty plea, a judicial confession admitted into evidence is sufficient alone to support a conviction).

14:
See 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b); 
Vidaurri
, 49 S.W.3d at 885.

15:
Cole v. State
, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).   

16:
See
 
Tex. Penal Code Ann.
 § 12.35(a).

17:
See Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).