COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-206-CR
  
  
BERNARD 
DAVIS                                                                   APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Pursuant 
to a plea bargain, Appellant Bernard Davis pled guilty to robbery and was placed 
on ten years’ deferred adjudication community supervision. Later, the State 
filed a petition to adjudicate, alleging the grounds of failure to pay, failure 
to report, and improperly leaving the county without permission. Upon his plea 
of true, or, in the vernacular, his plea of “true but,” the trial court 
adjudicated Appellant guilty of robbery and sentenced him to ten years’ 
confinement. Appellant’s court-appointed appellate counsel has filed a motion 
to withdraw as counsel and a brief in support of that motion. In the brief, 
counsel avers that, in his professional opinion, this appeal is frivolous.  
Counsel’s brief and motion meet the requirements of Anders v. California[2] by presenting a professional evaluation of the record 
demonstrating why there are no arguable grounds for relief.  Appellant has 
also filed a pro se brief, in which he complains that his trial counsel was 
ineffective for failing to communicate to him a plea bargain offer.
        Once 
an appellant’s court-appointed counsel files a motion to withdraw on the 
ground that the appeal is frivolous and fulfills the requirements of Anders, 
we are obligated to undertake an independent examination of the record and to 
essentially rebrief the case for the appellant to see if there is any arguable 
ground that may be raised on his behalf.[3]
        Our 
independent review for potential error is limited to potential jurisdictional 
defects,[4] potential errors not involving the 
decision to adjudicate,[5] and potential errors 
occurring after adjudication.[6] Our independent 
review of the record reveals that counsel has correctly determined that there 
are no arguable grounds for relief.
        There 
are no jurisdictional errors; the trial court had subject matter jurisdiction 
over this case.[7] Further, the indictment was not 
defective; it sufficiently conferred jurisdiction on the trial court and gave 
Appellant sufficient notice.[8]  The record also 
demonstrates that there was evidence to support the conviction. Appellant’s 
signed judicial confession appears in the clerk’s record, and the trial court 
took judicial notice of it.[9]  Additionally, 
Appellant pled true to the allegations in the petition to adjudicate; proof of 
just one allegation in the petition to adjudicate is sufficient support for 
revocation.[10]  Appellant was given the 
opportunity to offer evidence at a separate punishment hearing after the “true 
but” hearing. The sentence assessed by the trial court is within the 
statutorily permissible range.[11]  Appellant 
was also represented by counsel in all proceedings.
        As 
to Appellant’s ineffective assistance of counsel claim, we note that the 
record has not been developed in this regard.  A record sufficient to show 
ineffective assistance of counsel can rarely be developed on direct 
appeal.  The Texas Court of Criminal Appeals has pointed out that an 
application for a writ of habeas corpus is the more appropriate vehicle to raise 
ineffective assistance of counsel claims.[12]  
Appellant’s factual allegations in his pro se brief are not supported by the 
record; therefore, we cannot consider them.[13]
        After 
independently reviewing the record, we therefore agree with appellate 
counsel’s determination that any appeal from this case would be 
frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw 
and affirm the trial court’s judgment.
   
  
                                                          LEE 
ANN DAUPHINOT
                                                          JUSTICE

 
 
PANEL 
A:   CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 24, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).
3.  
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).
4.  
See Nix v. State, 65 S.W.3d 664, 668-69 (Tex. Crim. App. 2001).
5.  
See Tex. Code Crim. Proc. Ann. 
art. 42.12, § 5(b) (Vernon Supp. 2004-05); Vidaurri v. State, 49 S.W.3d 
880, 884 (Tex. Crim. App. 2001); Manuel v. State, 994 S.W.2d 658, 661 
(Tex. Crim. App. 1999).
6.  
See Tex. Code Crim. Proc. Ann. 
art. 42.12, § 5(b); Vidaurri, 49 S.W.3d at 885.
7.  
See Tex. Code Crim. Proc. Ann. 
art. 4.05.
8.  
See Tex. Const. art. V, § 
12(b); Tex. Penal Code Ann. § 
29.02(a)(1) (Vernon 2003); Studer v. State, 799 S.W.2d 263, 272-73 (Tex. 
Crim. App. 1990).
9.  
See McDougal v. State, 105 S.W.3d 119, 120-21 & n.9 (Tex. 
App.—Fort Worth 2003, pet. ref’d).
10.  
See Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).
11.  
See Tex. Penal Code Ann. § 
12.33(a).
12.  
Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); see 
also Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 
(1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez 
v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999) (all providing standard 
of review for ineffective assistance claims).
13.  
See Ex parte Preston, 833 S.W.2d 515, 519 (Tex. Crim. App. 1992) (op. on 
reh’g) (holding that assertions in an appellate brief that are unsupported by 
the record will not be accepted as fact); Brown v. State, 866 S.W.2d 675, 
678 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d) (refusing to 
consider material outside the record that was improperly attached to party’s 
appellate brief).