Bernard Davis v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-206-CR

BERNARD DAVIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Pursuant to a plea bargain, Appellant Bernard Davis pled guilty to robbery and was placed on ten years’ deferred adjudication community supervision.  Later, the State filed a petition to adjudicate, alleging the grounds of failure to pay, failure to report, and improperly leaving the county without permission.  Upon his plea of true, or, in the vernacular, his plea of “true but,” the trial court adjudicated Appellant guilty of robbery and sentenced him to ten years’ confinement.  Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 2) by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  Appellant has also filed a pro se brief, in which he complains that his trial counsel was ineffective for failing to communicate to him a plea bargain offer.

Once an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for the appellant to see if there is any arguable ground that may be raised on his behalf.
(footnote: 3)
 Our independent review for potential error is limited to potential jurisdictional defects,
(footnote: 4) potential errors not involving the decision to adjudicate,
(footnote: 5) and potential errors occurring after adjudication.
(footnote: 6)  Our independent review of the record reveals that counsel has correctly determined that there are no arguable grounds for relief.

There are no jurisdictional errors; the trial court had subject matter jurisdiction over this case.
(footnote: 7)  Further, the indictment was not defective; it sufficiently conferred jurisdiction on the trial court and gave Appellant sufficient notice.
(footnote: 8)  The record also demonstrates that there was evidence to support the conviction.  Appellant’s signed judicial confession appears in the clerk’s record, and the trial court took judicial notice of it.
(footnote: 9)  Additionally, Appellant pled true to the allegations in the petition to adjudicate; proof of just one allegation in the petition to adjudicate is sufficient support for revocation.
(footnote: 10)  Appellant was given the opportunity to offer evidence
 at a separate punishment hearing after the “true but” hearing.  The sentence assessed by the trial court is within the statutorily permissible range.
(footnote: 11)  Appellant was also represented by counsel in all proceedings.

As to Appellant’s ineffective assistance of counsel claim, we note that the record has not been developed in this regard.  A record sufficient to show ineffective assistance of counsel can rarely be developed on direct appeal.  The Texas Court of Criminal Appeals has pointed out that an application for a writ of habeas corpus is the more appropriate vehicle to raise ineffective assistance of counsel claims.
(footnote: 12)  Appellant’s factual allegations in his pro se brief are not supported by the record; therefore, we cannot consider them.
(footnote: 13)
 After independently reviewing the record, we therefore agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 24, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967)
.

3:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 

4:
See Nix v. State
, 65 S.W.3d 664, 668-69 (Tex. Crim. App. 2001).

5:
See 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2004-05); 
Vidaurri v. State
, 49 S.W.3d 880, 884 (Tex. Crim. App. 2001); 
Manuel v. State
, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999).

6:
See 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b); 
Vidaurri
, 49 S.W.3d at 885.

7:
See
 Tex. Code Crim. Proc. Ann.
 art. 4.05.

8:
See
 
Tex. Const.
 art. V, § 12(b)
; 
Tex. Penal Code Ann.
 § 29.02(a)(1) (Vernon 2003); 
Studer v. State
, 799 S.W.2d 263, 272-73 (Tex. Crim. App. 1990).

9:
See
 
McDougal v. State
, 105 S.W.3d 119, 120-21 & n.9 (Tex. App.—Fort Worth 2003, pet. ref’d).

10:
See 
Moore v. State
, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

11:
See
 
Tex. Penal Code Ann.
 § 12.33(a).

12:
Rylander v. State
, 
101 S.W.3d 107, 110 
(Tex. Crim. App. 2003); 
see also Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999);
 Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999) (all providing standard of review for ineffective assistance claims)
.

13:
See Ex parte Preston,
 833 S.W.2d 515, 519 (Tex. Crim. App. 1992) (op. on reh’g) (holding that assertions in an appellate brief that are unsupported by the record will not be accepted as fact); 
Brown v. State
, 866 S.W.2d 675, 678 (Tex. 
App.—Houston [1
st
 Dist.] 1993, pet. ref’d) (refusing to consider material outside the record that was improperly attached to party’s appellate brief).