**Michael Rennie McDOUGAL, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–02–281–CR.**

Court of Appeals of Texas, Fort Worth.

April 3, 2003.

Earl R. Waddell III, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Anne Swenson, Dixie Bersano, Assistant Criminal District Attorneys, Fort Worth, for appellee.

PANEL A: CAYCE, C.J.;
LIVINGSTON and DAUPHINOT, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

Appellant Michael Rennie McDougal was charged by indictment with theft under $1,500, enhanced by two prior theft convictions as well as two other prior felony convictions. Appellant signed a judicial confession and waived a reporter's record. Upon his open plea of guilty to theft and true to the enhancement paragraphs, the trial court found the enhancement allegations true and convicted Appellant of state jail felony theft,[1] enhancing his punishment to that given for a second-degree felony.[2] The court sentenced Appellant to seven years' confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal, Appellant brings a single point challenging not the sufficiency of the evidence but the State's failure to introduce evidence into the record to support the guilty plea, in violation of article 1.15 of the Texas Code of Criminal Procedure.[3] We affirm the trial court's judgment.

Appellant summarizes his argument as follows: "Put simply . . ., the abbreviated guilty plea procedure of the 372nd District Court failed to comply with Article 1.15." Appellant argues that the judicial confes-

sion form used in the 372nd District Court is insufficient to sustain the State's burden of proof. He also argues that because of his own waiver of the reporter's record, there is nothing to show that the judicial confession was admitted into evidence.

The State argues that because the trial court received and accepted Appellant's pleas, Appellant's judicial confession provides sufficient evidence to satisfy article 1.15. But the judgment's recitation that the trial court accepted Appellant's guilty plea does not show that the judicial confession was admitted into evidence, or even offered. It demonstrates only that Appellant entered a plea of guilty and that the trial court accepted that plea.

Article 1.15 clearly requires the State to introduce sufficient evidence into the record to support a guilty plea.[4] The State argues that a signed judicial confession contained in the clerk's record should be considered as evidence supporting the trial court's judgment. The State relies on *Daw v. State*[5] and *Pitts v. State.*[6] These cases are distinguishable from the case before us. Significantly, the judicial confession in *Pitts* was admitted into evidence by the trial court,[7] and the defendant in *Daw* gave both a written and oral judicial confession.[8] Those reviewing courts had reporter's records before them from which they gleaned what evidence was admitted. We do not.

The contents of the clerk's record are not evidence unless the trial court takes judicial notice of them or they are

---

1. *See* Tex. Penal Code Ann. § 31.03(e)(4)(D) (Vernon 2003).

2. *See id.* § 12.42(a)(2).

3. Tex.Code Crim. Proc Ann. art. 1.15 (Vernon Supp.2003).

4. *Id.*

5. 17 S.W.3d 330, 333–34 (Tex.App.-Waco 2000, no pet.).

6. 916 S.W.2d 507, 510 (Tex.Crim.App.1996).

7. *Id.* at 508.

8. *Daw,* 17 S.W.3d at 334.

offered into evidence.[9] Nothing before us indicates that the trial court took judicial notice of the contents of the clerk's record. Of course, the only evidence before us is the clerk's record because Appellant affirmatively waived his right to a reporter's record.

Texas Rule of Appellate Procedure 34.6(c)(5) provides:

In a criminal case, if the statement contains a point complaining that the evidence is insufficient to support a finding of guilt, the record must include all the evidence admitted at the trial on the issue of guilt or innocence and punishment.

A criminal defendant may not waive the making of a record and then, on appeal, rely on the absence of evidence to support reversal of his conviction.[10] Rather, an appellant in a criminal case must bring forth a complete record of the evidence before the factfinder and bears the burden of demonstrating that the State failed to satisfy the evidentiary requirements of article 1.15.[11] The State correctly points out that the Texas Court of Criminal Appeals' decision in *Rowell v. State*[12] does not relieve an appellant of the obligation of including in the appellate record all evidence admitted at trial when the appellant challenges the sufficiency of the evidence. Nor does it remove that burden when an appellant challenges the State's compliance with the evidentiary requirements of article 1.15.[13] While this court bears the responsibility of reviewing the entire record in a light most favorable to the prosecution in ruling on the sufficiency of the evidence to support a criminal conviction,[14] this court is not obligated to review a nonexistent record, especially when the only challenge is to the State's adequate compliance with article 1.15.

Nothing in the record suggests that Appellant's judicial confession was admitted into evidence, and we do not presume that it was. On the other hand, we also do not presume that it was not. Nor do we presume that the State did or did not offer other evidence of Appellant's guilt. Had the State relied exclusively on the judicial confession, the State, of course, would have been required to offer the confession into evidence.[15] Appellant has failed to provide a sufficient record to support his complaint. We therefore overrule his sole point on appeal and affirm the trial court's judgment.

CAYCE, C.J. concurs without opinion.

---

**9.** *See Elwell v. State*, 872 S.W.2d 797, 798–800 (Tex.App.-Dallas 1994, no pet.) (refusing to take judicial notice of document in clerk's record that had not been introduced into evidence or judicially noticed by trial court); *White v. State*, 871 S.W.2d 833, 836 (Tex.App.-Houston [14th Dist.] 1994, no pet.) (same); *Shields v. State*, 820 S.W.2d 831, 833 (Tex.App.-Waco 1991, no pet.) (stating that "[c]ounsel who want 'the record to reflect' certain facts must include those facts in the record as evidence either by sworn testimony, exhibits, stipulations, admissions or judicial notice").

**10.** Tex.R.App. P. 34.6(c)(5).

**11.** Tex.Code Crim. Proc. Ann. art. 1.15; *Skinner v. State*, 837 S.W.2d 633, 634 (Tex.Crim.App. 1992); *Martin v. State*, 13 S.W.3d 133, 140 (Tex.App.-Dallas 2000, no pet.).

**12.** 66 S.W.3d 279, 282 (Tex.Crim.App.2001).

**13.** *See id.*

**14.** *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

**15.** *See* Tex.Code Crim. Proc. Ann. art. 1.15.