COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-075-CV
  
 
 
IN THE MATTER OF D.R.H.
 
  
   
------------
 
FROM THE 323rd DISTRICT COURT OF 
TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
was adjudicated delinquent and sent to the Texas Youth Commission. He appeals, 
challenging the legal and factual sufficiency of the evidence of adjudication 
and contending that the trial court reversibly erred by not admonishing him 
about the allegations against him. Because we hold that Appellant has failed to 
preserve error, we affirm the judgment of delinquency and the order of 
commitment.
        Appellant 
and his lawyer signed a document entitled “Stipulation of Evidence” which 
provided:
  
COMES 
NOW D.R.H., child in the above entitled and numbered cause, and JOYCE STEVENS, 
his/her attorney, in writing and in open Court, and both having been informed of 
and understanding the child’s rights to present witnesses on his behalf and to 
confront and cross-examine adverse witnesses and the possible consequences of 
waiving such rights, both voluntarily consent to the stipulation of the evidence 
in this case and in so doing expressly waive the appearance, confrontation and 
cross-examination of witnesses. We further consent to the introduction of 
testimony by oral stipulation or by affidavits, written statements of witnesses 
and other documentary evidence.
 
Appellant, joined by his 
attorney, also signed a written waiver of a reporter’s record. [2]
        In 
two points, Appellant challenges the legal and factual sufficiency of the 
evidence to support his adjudication. He contends that the trial court did not 
approve the “Stipulation of Evidence” in writing and that there is no 
evidence of Appellant’s delinquent conduct. Initially, we point out that the 
document entitled “Stipulation of Evidence” does not provide or allude to 
any evidence of Appellant’s alleged acts of delinquency. It is not a true 
stipulation, and, even if the trial court admitted it into evidence, which is 
indeterminable from the record before us, it is no evidence of Appellant’s 
delinquency.
        When 
the sufficiency of the evidence to support adjudication is challenged, we apply 
criminal standards of review.[3]  As we pointed 
out in McDougal v. State,
  
A 
criminal defendant may not waive the making of a record and then, on appeal, 
rely on the absence of evidence to support reversal of his conviction. Rather, 
an appellant in a criminal case must bring forth a complete record of the 
evidence before the factfinder and bears the burden of demonstrating that the 
State failed to satisfy the evidentiary requirements of article 1.15.  The 
State correctly points out that the Texas Court of Criminal Appeals' decision in 
Rowell v. State does not relieve an appellant of the obligation of 
including in the appellate record all evidence admitted at trial when the 
appellant challenges the sufficiency of the evidence. . . . While this court 
bears the responsibility of reviewing the entire record in a light most 
favorable to the prosecution in ruling on the sufficiency of the evidence to 
support a criminal conviction, this court is not obligated to review a 
nonexistent record.
 
Nothing 
in the record suggests that Appellant's judicial confession was admitted into 
evidence, and we do not presume that it was.  On the other hand, we also do 
not presume that it was not.  Nor do we presume that the State did or did 
not offer other evidence of Appellant's guilt. . . . Appellant has failed to 
provide a sufficient record to support his complaint.  We therefore 
overrule his sole point on appeal and affirm the trial court's judgment.[4]
 
  
        Applying 
the McDougal rationale to the case before us, we do not know whether 
evidence was or was not admitted to support the adjudication, and we do not know 
that because of Appellant’s affirmative waiver. Consequently, we hold that 
Appellant has failed to provide a sufficient record to support his sufficiency 
complaints. We overrule his first two points.
        In 
his third point, Appellant contends that the trial court failed to properly 
admonish him before the adjudication hearing.  Because Appellant failed to 
provide a record supporting this claim, we must presume that he was properly 
admonished.[5]  We therefore overrule his third 
point.
        Having 
overruled all of Appellant’s points, we affirm the trial court’s judgment of 
delinquency and order of commitment.
   
 
                                                                  PER 
CURIAM
  

PANEL 
F:   DAUPHINOT, HOLMAN, and MCCOY, JJ.
DELIVERED: August 26, 
2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  See 
Tex. Fam. Code Ann. § 51.09 
(Vernon 2002).
3.  In 
re J.D.P., 85 S.W.3d 420, 422 (Tex. App.—Fort Worth 2002, no pet.) 
(providing legal sufficiency standard); In re B.P.H., 83 S.W.3d 400, 407 
(Tex. App.—Fort Worth 2002, no pet.) (providing factual sufficiency standard).
4.  McDougal 
v. State, 105 S.W.3d 119, 121 (Tex. App.—Fort Worth 2003, pet. ref’d) 
(citations omitted).
5. See 
In the Matter of S.J., 940 S.W.2d 332, 335-36 (Tex. App.—San Antonio 
1997, no writ).