In the Matter of D.R.H.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-075-CV

IN THE MATTER OF D.R.H. 

------------

FROM THE 323
rd
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant was adjudicated delinquent and sent to the Texas Youth Commission.  He appeals, challenging the legal and factual sufficiency of the evidence of adjudication and contending that the trial court reversibly erred by not admonishing him about the allegations against him.  Because we hold that Appellant has failed to preserve error, we affirm the judgment of delinquency and the order of commitment.

Appellant and his lawyer signed a document entitled “Stipulation of Evidence” which provided:

COMES NOW D.R.H., child in the above entitled and numbered cause, and JOYCE STEVENS, his/her attorney, in writing and in open Court, and both having been informed of and understanding the child’s rights to present witnesses on his behalf and to confront and cross-examine adverse witnesses and the possible consequences of waiving such rights, both voluntarily consent to the stipulation of the evidence in this case and in so doing expressly waive the appearance, confrontation and cross-examination of witnesses.  We further consent to the introduction of testimony by oral stipulation or by affidavits, written statements of witnesses and other documentary evidence.

Appellant, joined by his attorney, also signed a written waiver of a reporter’s record.
(footnote: 2)
 In two points, Appellant challenges the legal and factual sufficiency of the evidence to support his adjudication.  He contends that the trial court did not approve the “Stipulation of Evidence” in writing and that there is no evidence of Appellant’s delinquent conduct.  Initially, we point out that the document entitled “Stipulation of Evidence” does not provide or allude to any evidence of Appellant’s alleged acts of delinquency.  It is not a true stipulation, and, even if the trial court admitted it into evidence, which is indeterminable from the record before us, it is no evidence of Appellant’s delinquency.

When the sufficiency of the evidence to support adjudication is challenged, we apply criminal standards of review.
(footnote: 3)  As we pointed out in 
McDougal v. State
,

A criminal defendant may not waive the making of a record and then, on appeal, rely on the absence of evidence to support reversal of his conviction.  Rather, an appellant in a criminal case must bring forth a complete record of the evidence before the factfinder and bears the burden of demonstrating that the State failed to satisfy the evidentiary requirements of article 1.15.  The State correctly points out that the Texas Court of Criminal Appeals' decision in 
Rowell v. State 
does not relieve an appellant of the obligation of including in the appellate record all evidence admitted at trial when the appellant challenges the sufficiency of the evidence.  . . . While this court bears the responsibility of reviewing the entire record in a light most favorable to the prosecution in ruling on the sufficiency of the evidence to support a criminal conviction, this court is not obligated to review a nonexistent record.

Nothing in the record suggests that Appellant's judicial confession was admitted into evidence, and we do not presume that it was.  On the other hand, we also do not presume that it was not.  Nor do we presume that the State did or did not offer other evidence of Appellant's guilt. . . . Appellant has failed to provide a sufficient record to support his complaint.  We therefore overrule his sole point on appeal and affirm the trial court's judgment.
(footnote: 4)

Applying the 
McDougal 
rationale to the case before us, we do not know whether evidence was or was not admitted to support the adjudication, and we do not know that because of Appellant’s affirmative waiver.  Consequently, we hold that Appellant has failed to provide a sufficient record to support his sufficiency complaints.  We overrule his first two points.

In his third point, Appellant contends that the trial court failed to properly admonish him before the adjudication hearing.  Because Appellant failed to provide a record supporting this claim, we must presume that he was properly admonished.
(footnote: 5)  We therefore overrule his third point.

Having overruled all of Appellant’s points, we affirm the trial court’s judgment of delinquency and order of commitment.

PER CURIAM

PANEL F: DAUPHINOT, HOLMAN, and MCCOY, JJ.

DELIVERED:  August 26, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Fam. Code Ann.
 § 51.09 (Vernon 2002).

3:
In re J.D.P.
, 85 S.W.3d 420, 422 (Tex. App.—Fort Worth 2002, no pet.) (providing legal sufficiency standard); 
In re B.P.H.
, 83 S.W.3d 400, 407 (Tex. App.—Fort Worth 2002, no pet.) (providing factual sufficiency standard).

4:
McDougal v. State
, 105 S.W.3d 119, 121 (Tex. App.—Fort Worth 2003, pet. ref’d) (citations omitted).

5:
See
 
In the Matter of S.J.
, 940 S.W.2d 332, 335-36 (Tex. App.—San Antonio 1997, no writ).