HOSIE TUCKER, JR. V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-090-CR

HOSIE TUCKER, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Pursuant to a plea bargain, Hosie Tucker, Jr. (“Tucker”) pled guilty to the offense of
 possession with intent to deliver a controlled substance, namely cocaine, of four grams or more, but less than 200.
  The trial court placed Tucker on deferred adjudication community supervision for ten years.  Less than five years later, the State filed a petition to proceed to adjudication alleging Tucker had violated the terms of his community supervision probation by committing another offense: presenting a governmental record with knowledge of its falsity.  
See 
Tex. Penal Code Ann.
 §§
 37.01(2)(D), 37.10(a)(5) (Vernon Supp. 2004-05).  After evidence was presented, the trial court found this allegation true, concluding that Tucker had violated the terms of his deferred adjudication community supervision.  The trial court then adjudicated Tucker guilty and assessed punishment at ten years’ confinement.  Tucker timely filed a general notice of appeal, which has not been amended.

Tucker’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel's brief and motion meet the requirements of 
Anders v. California
(footnote: 2) 
by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  This court provided Tucker the opportunity to file a pro se brief, but he has not done so. 

Once Tucker
's court-appointed counsel filed a motion to withdraw on the ground that the appeal is frivolous and fulfilled the requirements of 
Anders
, this court became obligated to undertake an independent examination of the record and to essentially rebrief the case for Tucker
 to see if there is any arguable ground that may be raised on his behalf.  
Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Tucker
 is foreclosed from now raising issues related to his original plea proceeding.  
See Vidaurri v. State
, 49 S.W.3d 880, 884 (Tex. Crim. App. 2001); 
Manuel v. State
, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999).  The only exception to this rule is the “void judgment” exception.  
Nix v. State
, 65 S.W.3d 664, 668-69 (Tex. Crim. App. 2001).  As the Texas Court of Criminal Appeals has explained: 

A judgment of conviction for a crime is void when (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of 
Gideon v. Wainwright
. 

Id.
 at 668.
  Similarly, he is prohibited from appealing the adjudication of guilt.  
See
 T
EX
. C
ODE
 C
RIM
. P
ROC
. A
NN
. art. 42.12, § 5(b) (Vernon Supp. 2004). 

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over this case.
  See
 T
EX
. C
ODE
 C
RIM
. P
ROC
. A
NN
. art
. 4.05.  Further, the indictment sufficiently conferred jurisdiction on the trial court and provided Tucker
 with sufficient notice.  
See
 
Tex. Const.
 art. V, § 12;
 Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  The record demonstrates that there was evidence to support the conviction.  Tucker
's signed judicial confession appears in the clerk's record, and the trial court took judicial notice of the confession.
  See McDougal v. State
, 105 S.W.3d 119, 120 (Tex. App.—Fort Worth 2003, pet. ref’d).
  Finally, the record shows that Tucker
 had counsel for the proceedings.  We conclude that the “void judgment” exception does not apply to Tucker
.  

Tucker
 may, however, still challenge all proceedings occurring after adjudication of guilt.  
See
 T
EX
. C
ODE
 C
RIM
. P
ROC
. A
NN
. art
. 
42.12, § 5(b); 
Vidaurri
, 49 S.W.3d at 885.  Our review of the record after adjudication yields no reversible error.  T
he sentence assessed by the trial court is within the statutorily permissible range.  
See 
Tex
.
 Penal Code Ann.
 § 12.32(a) (Vernon 2003).  Further, there is no evidence in the record that the trial counsel was ineffective at revocation or punishment.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Hernandez v. State
, 988 S.W.2d 770, 776 (Tex. Crim. App. 1999). 

     

After independently reviewing the record, we agree with appellate counsel's determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL F: MCCOY, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 26, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967).