COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-090-CR
  
  
HOSIE 
TUCKER, JR.                                                               APPELLANT
  
V.
   
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Pursuant 
to a plea bargain, Hosie Tucker, Jr. (“Tucker”) pled guilty to the offense 
of possession with intent to deliver a controlled substance, namely cocaine, of 
four grams or more, but less than 200. The trial court placed Tucker on deferred 
adjudication community supervision for ten years. Less than five years later, 
the State filed a petition to proceed to adjudication alleging Tucker had 
violated the terms of his community supervision probation by committing another 
offense: presenting a governmental record with knowledge of its falsity. See Tex. Penal Code Ann. §§ 37.01(2)(D), 
37.10(a)(5) (Vernon Supp. 2004-05). After evidence was presented, the trial 
court found this allegation true, concluding that Tucker had violated the terms 
of his deferred adjudication community supervision. The trial court then 
adjudicated Tucker guilty and assessed punishment at ten years’ confinement. 
Tucker timely filed a general notice of appeal, which has not been amended.
        Tucker’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel avers that, in his 
professional opinion, this appeal is frivolous. Counsel's brief and motion meet 
the requirements of Anders v. California[2] by 
presenting a professional evaluation of the record demonstrating why there are 
no arguable grounds for relief. This court provided Tucker the opportunity to 
file a pro se brief, but he has not done so.
        Once 
Tucker's court-appointed counsel filed a motion to withdraw on the ground that 
the appeal is frivolous and fulfilled the requirements of Anders, this 
court became obligated to undertake an independent examination of the record and 
to essentially rebrief the case for Tucker to see if there is any arguable 
ground that may be raised on his behalf. Stafford v. State, 813 S.W.2d 
503, 511 (Tex. Crim. App. 1991). Tucker is foreclosed from now raising issues 
related to his original plea proceeding. See Vidaurri v. State, 49 S.W.3d 
880, 884 (Tex. Crim. App. 2001); Manuel v. State, 994 S.W.2d 658, 661 
(Tex. Crim. App. 1999). The only exception to this rule is the “void 
judgment” exception. Nix v. State, 65 S.W.3d 664, 668-69 (Tex. Crim. 
App. 2001). As the Texas Court of Criminal Appeals has explained:
  
A 
judgment of conviction for a crime is void when (1) the document purporting to 
be a charging instrument (i.e. indictment, information, or complaint) does not 
satisfy the constitutional requisites of a charging instrument, thus the trial 
court has no jurisdiction over the defendant, (2) the trial court lacks subject 
matter jurisdiction over the offense charged, such as when a misdemeanor 
involving official misconduct is tried in a county court at law, (3) the record 
reflects that there is no evidence to support the conviction, or (4) an indigent 
defendant is required to face criminal trial proceedings without appointed 
counsel, when such has not been waived, in violation of Gideon v. Wainwright.
 
 
Id. 
at 668. Similarly, he is prohibited from appealing the adjudication of guilt. See 
TEX. CODE 
CRIM. PROC. 
ANN. art. 42.12, § 5(b) (Vernon Supp. 
2004).
        Our 
review of the record reveals no jurisdictional defects. The trial court had 
jurisdiction over this case. See TEX. 
CODE CRIM. 
PROC. ANN. 
art. 4.05. Further, the indictment sufficiently conferred jurisdiction on the 
trial court and provided Tucker with sufficient notice. See Tex. Const. art. V, § 12; Duron v. 
State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). The record 
demonstrates that there was evidence to support the conviction. Tucker's signed 
judicial confession appears in the clerk's record, and the trial court took 
judicial notice of the confession. See McDougal v. State, 105 S.W.3d 119, 
120 (Tex. App.—Fort Worth 2003, pet. ref’d). Finally, the record shows that 
Tucker had counsel for the proceedings. We conclude that the “void judgment” 
exception does not apply to Tucker.
        Tucker 
may, however, still challenge all proceedings occurring after adjudication of 
guilt. See TEX. CODE CRIM. PROC. ANN. 
art. 42.12, § 5(b); Vidaurri, 49 S.W.3d at 885. Our review of the record 
after adjudication yields no reversible error. The sentence assessed by the 
trial court is within the statutorily permissible range. See Tex. Penal Code Ann. § 12.32(a) (Vernon 
2003). Further, there is no evidence in the record that the trial counsel was 
ineffective at revocation or punishment. Strickland v. Washington, 466 
U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Hernandez v. State, 988 
S.W.2d 770, 776 (Tex. Crim. App. 1999).
        After 
independently reviewing the record, we agree with appellate counsel's 
determination that any appeal from this case would be frivolous. Accordingly, we 
grant appellate counsel's motion to withdraw and affirm the trial court's 
judgment.
 
  
                                                          PER 
CURIAM
  
  
PANEL 
F:   MCCOY, DAUPHINOT, and HOLMAN, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 26, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
386 U.S. 738, 87 S. Ct. 1396 (1967).