COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-144-CR
 
 
JOSEPH 
KEMP                                                                      APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        On 
October 23, 2003, pursuant to a plea bargain, Appellant pled guilty to 
aggravated assault with a deadly weapon, and the trial court placed him on seven 
years’ deferred adjudication community supervision. On February 10, 2004, the 
State filed a petition to adjudicate, alleging that Appellant used illegal drugs 
and failed to comply with the Global Positioning System, violating his terms of 
community supervision. On March 22, 2004, Appellant pled true to all of the 
allegations in the petition, offering extenuating circumstances for the 
violations in an evidentiary hearing. The trial court found the allegations 
true, revoked Appellant’s deferred adjudication community supervision, 
adjudicated Appellant guilty, and sentenced him to four years’ confinement in 
the Institutional Division of the Texas Department of Criminal Justice.
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel avers that, in her 
professional opinion, this appeal is frivolous. Counsel’s brief and motion 
meet the requirements of Anders v. California by presenting a 
professional evaluation of the record demonstrating why there are no arguable 
grounds for relief.[2]  This court afforded 
Appellant the opportunity to file a brief on his own behalf, but he did not.
        Once 
an appellant’s court-appointed counsel files a motion to withdraw on the 
ground that the appeal is frivolous and fulfills the requirements of Anders, 
we are obligated to undertake an independent examination of the record and to 
essentially rebrief the case for the appellant to see if there is any arguable 
ground that may be raised on his behalf.[3]
        In 
a case such as Appellant’s, our independent review for potential error is 
limited to potential jurisdictional defects,[4] 
potential errors not involving the decision to adjudicate,[5] 
and potential errors occurring after adjudication.[6]  
Our independent review of the record reveals that counsel has correctly 
determined that there are no arguable grounds for relief.
        There 
are no jurisdictional errors; the trial court had subject matter jurisdiction 
over this case.[7] Further, the indictment was not 
defective; it sufficiently conferred jurisdiction on the trial court and gave 
Appellant sufficient notice.[8] The record also 
demonstrates that there was evidence to support the conviction.  
Appellant’s signed judicial confession appears in the clerk’s record, and 
the trial court took judicial notice of it.[9]  
Additionally, Appellant pled true to the allegations in the petition to 
adjudicate; proof of just one allegation in the petition to adjudicate is 
sufficient support for revocation.[10]  
Appellant was nevertheless given the opportunity to offer evidence. The sentence 
assessed by the trial court is within the statutorily permissible range.[11]  Appellant was also represented by counsel in all 
proceedings.
        After 
independently reviewing the record, we therefore agree with appellate 
counsel’s determination that any appeal from this case would be 
frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw 
and affirm the trial court’s judgment.
   
                                                                  PER 
CURIAM
 
 
 
PANEL 
F:   DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 31, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).
3.  
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).
4.  
Nix v. State, 65 S.W.3d 664, 668-69 (Tex. Crim. App. 2001).
5.  
See Tex. Code Crim. Proc. Ann. 
art. 42.12, § 5(b) (Vernon Supp. 2004-05); Vidaurri v. State, 49 S.W.3d 
880, 884 (Tex. Crim. App. 2001); Manuel v. State, 994 S.W.2d 658, 661 
(Tex. Crim. App. 1999).
6.  
See Tex. Code Crim. Proc. Ann. 
art. 42.12, § 5(b); Vidaurri, 49 S.W.3d at 885.
7.  
See Tex. Code Crim. Proc. Ann. 
art. 4.05.
8.  
See Tex. Const. art. V, § 
12(b); Tex. Penal Code Ann. §§ 
22.01(a)(2), 22.02(a)(2) (Vernon 2003); Studer v. State, 799 S.W.2d 263, 
272-73 (Tex. Crim. App. 1990).
9.  
See McDougal v. State, 105 S.W.3d 119, 120-21 & n.9 (Tex. 
App.—Fort Worth 2003, pet. ref’d).
10.  
See Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).
11.  
See Tex. Penal Code Ann. § 
12.33(a).