Joseph Kemp v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-144-CR

JOSEPH KEMP APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On October 23, 2003, pursuant to a plea bargain, Appellant pled guilty to aggravated assault with a deadly weapon, and the trial court placed him on seven years’ deferred adjudication community supervision.  On February 10, 2004, the State filed a petition to adjudicate, alleging that Appellant used illegal drugs and failed to comply with the Global Positioning System, violating his terms of community supervision.  On March 22, 2004, Appellant pled true to all of the allegations in the petition, offering extenuating circumstances for the violations in an evidentiary hearing.  The trial court found the allegations true, revoked Appellant’s deferred adjudication community supervision, adjudicated Appellant guilty, and sentenced him to four years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in her professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
 by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.
(footnote: 2)  This court afforded Appellant the opportunity to file a brief on his own behalf, but he did not.

Once an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for the appellant to see if there is any arguable ground that may be raised on his behalf.
(footnote: 3)
 In a case such as Appellant’s, our independent review for potential error is limited to potential jurisdictional defects,
(footnote: 4) potential errors not involving the decision to adjudicate,
(footnote: 5) and potential errors occurring after adjudication.
(footnote: 6)  Our independent review of the record reveals that counsel has correctly determined that there are no arguable grounds for relief.

There are no jurisdictional errors; the trial court had subject matter jurisdiction over this case.
(footnote: 7)  Further, the indictment was not defective; it sufficiently conferred jurisdiction on the trial court and gave Appellant sufficient notice.
(footnote: 8)  The record also demonstrates that there was evidence to support the conviction.  Appellant’s signed judicial confession appears in the clerk’s record, and the trial court took judicial notice of it.
(footnote: 9)  Additionally, Appellant pled true to the allegations in the petition to adjudicate; proof of just one allegation in the petition to adjudicate is sufficient support for revocation.
(footnote: 10)  Appellant was nevertheless given the opportunity to offer evidence.  The sentence assessed by the trial court is within the statutorily permissible range.
(footnote: 11)  Appellant was also represented by counsel in all proceedings.

After independently reviewing the record, we therefore agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 31, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

4:
Nix v. State
, 65 S.W.3d 664, 668-69 (Tex. Crim. App. 2001).

5:
See 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2004-05); 
Vidaurri v. State
, 49 S.W.3d 880, 884 (Tex. Crim. App. 2001); 
Manuel v. State
, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999).

6:
See 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b); 
Vidaurri
, 49 S.W.3d at 885.

7:
See
 Tex. Code Crim. Proc. Ann.
 art. 4.05.

8:
See
 
Tex. Const.
 art. V, § 12(b)
; 
Tex. Penal Code Ann.
 §§ 22.01(a)(2), 22.02(a)(2) (Vernon 2003); 
Studer v. State
, 799 S.W.2d 263, 272-73 (Tex. Crim. App. 1990).

9:
See
 
McDougal v. State
, 105 S.W.3d 119, 120-21 & n.9 (Tex. App.—Fort Worth 2003, pet. ref’d).

10:
See Moore v. State
, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

11:
See
 
Tex. Penal Code Ann.
 § 12.33(a).