Chaffin v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-042-CR

RODERICK TYRON CHAFFIN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Pursuant to a plea bargain agreement, Appellant Roderick Tyron Chaffin pleaded guilty to the offense of assault, a third-degree felony.  The trial court fined Appellant $1,500 and placed him on six years’ deferred adjudication community supervision.  The next day, the State filed a motion to proceed with adjudication of guilt and amended its motion about one month later.  The amended motion alleged that Appellant violated a term of his community supervision by contacting the victim of the assault.  The trial court found the allegation true, concluding that Appellant had violated the terms of his deferred adjudication community supervision.  The trial court then adjudicated Appellant guilty and sentenced him to eight years’ confinement.  Appellant now appeals.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  
See Stafford v. State
, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).  This court provided Appellant the opportunity to file a pro se brief, but he has not done so.  Once Appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court must review the record to make an independent determination of whether there is any arguable ground that may be raised on Appellant’s behalf.  
Stafford
, 813 S.W.2d at 511.

Because this is an appeal from the trial court’s adjudication of Appellant’s deferred adjudication community supervision, our independent review for potential error is limited to matters causing the trial court’s judgment to be void and post-adjudication matters unrelated to Appellant’s conviction.  
See Nix v. State
, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001); 
Vidaurri v. State
, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001); 
Manuel v. State
, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).  The trial court’s decision to adjudicate is not appealable.  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2004-05).

Our independent review of the record reveals that counsel has correctly determined that there are no arguable grounds for relief.  There are no jurisdictional defects.  The indictment conferred jurisdiction on the trial court and provided Appellant with sufficient notice to prepare a defense.  
See 
Tex. Const
. art. V, § 12(b); 
Tex. Code Crim. Proc. Ann
. art. 4.05 (Vernon 2005); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  In addition, the trial court had jurisdiction to adjudicate Appellant’s guilt and sentence him.  
See 
Tex. Code Crim. Proc. Ann
. art. 4.05, art. 42.12, § 5(b).  
The record reflects sufficient evidence to support the conviction; Appellant’s signed judicial confession appears in the record, and the trial court took judicial notice of it. 
See Nix
, 65 S.W.3d at 668 n.14;
 McDougal v. State
, 105 S.W.3d 119, 120-21 (Tex. App.—Fort Worth 2003, pet. ref’d).  The record shows that Appellant had counsel for the proceedings.  Finally, the sentence is within the punishment range for the adjudicated offense.  
See
 
Tex. Penal Code Ann.
 §§ 12.34 (Vernon 2003), 22.01(a)(1), 22.01(b)(2) (Vernon Supp. 2004-05).  

Accordingly, we grant counsel’s motion to withdraw and affirm the trial court’s judgment. 

PER CURIAM 

PANEL F: MCCOY, J.; CAYCE, C.J., and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  April 28, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.