COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-042-CR
  
  
RODERICK 
TYRON CHAFFIN                                                   APPELLANT
  
V.
   
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 367TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Pursuant 
to a plea bargain agreement, Appellant Roderick Tyron Chaffin pleaded guilty to 
the offense of assault, a third-degree felony.  The trial court fined 
Appellant $1,500 and placed him on six years’ deferred adjudication community 
supervision.  The next day, the State filed a motion to proceed with 
adjudication of guilt and amended its motion about one month later.  The 
amended motion alleged that Appellant violated a term of his community 
supervision by contacting the victim of the assault. The trial court found the 
allegation true, concluding that Appellant had violated the terms of his 
deferred adjudication community supervision.  The trial court then 
adjudicated Appellant guilty and sentenced him to eight years’ 
confinement.  Appellant now appeals.
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel avers that, in his 
professional opinion, this appeal is frivolous. Counsel’s brief and motion 
meet the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct. 
1396 (1967), by presenting a professional evaluation of the record demonstrating 
why there are no arguable grounds for relief. See Stafford v. State, 813 
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). This court provided Appellant the 
opportunity to file a pro se brief, but he has not done so. Once Appellant’s 
court-appointed counsel files a motion to withdraw on the ground that the appeal 
is frivolous and fulfills the requirements of Anders, this court must 
review the record to make an independent determination of whether there is any 
arguable ground that may be raised on Appellant’s behalf. Stafford, 813 
S.W.2d at 511.
        Because 
this is an appeal from the trial court’s adjudication of Appellant’s 
deferred adjudication community supervision, our independent review for 
potential error is limited to matters causing the trial court’s judgment to be 
void and post-adjudication matters unrelated to Appellant’s conviction. See 
Nix v. State, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001); Vidaurri v. 
State, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001); Manuel v. State, 
994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). The trial court’s decision to 
adjudicate is not appealable. Tex. Code 
Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004-05).
        Our 
independent review of the record reveals that counsel has correctly determined 
that there are no arguable grounds for relief. There are no jurisdictional 
defects. The indictment conferred jurisdiction on the trial court and provided 
Appellant with sufficient notice to prepare a defense.  See Tex. Const. art. V, § 12(b); Tex. Code Crim. Proc. Ann. art. 4.05 
(Vernon 2005); Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 
1997).  In addition, the trial court had jurisdiction to adjudicate 
Appellant’s guilt and sentence him.  See Tex. Code Crim. Proc. Ann. art. 4.05, 
art. 42.12, § 5(b).  The record reflects sufficient evidence to support 
the conviction; Appellant’s signed judicial confession appears in the record, 
and the trial court took judicial notice of it.  See Nix, 65 S.W.3d 
at 668 n.14; McDougal v. State, 105 S.W.3d 119, 120-21 (Tex. App.—Fort 
Worth 2003, pet. ref’d).  The record shows that Appellant had counsel for 
the proceedings.  Finally, the sentence is within the punishment range for 
the adjudicated offense.  See Tex. 
Penal Code Ann. §§ 12.34 (Vernon 2003), 22.01(a)(1), 22.01(b)(2) 
(Vernon Supp. 2004-05).
        Accordingly, 
we grant counsel’s motion to withdraw and affirm the trial court’s judgment.
  
                                                                  PER 
CURIAM


PANEL 
F:   MCCOY, J.; CAYCE, C.J., and LIVINGSTON, J.

DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
April 28, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.