COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-286-CR
   
   
KELLY 
CROCKETT                                                                 APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Kelly Crockett appeals from his conviction for the offense of aggravated assault 
with a deadly weapon. Appellant signed a judicial confession and waived a 
reporter’s record. The trial court accepted Appellant’s open plea of guilty 
to count IV of the indictment without making a finding of guilt and ordered a 
PSI pending sentencing. On June 18, 2004, the trial court found Appellant guilty 
and sentenced him to sixteen years’ imprisonment. In one point, Appellant 
contends that there is no judicial confession that includes an admission of the 
use or exhibition of a deadly weapon but only a judicial confession to the 
lesser included offense of aggravated assault. Furthermore, Appellant contends 
that because the trial court entered a deadly weapon finding, his due process 
rights were violated because there was an increase of punishment over the 
statutory range. We affirm the trial court’s judgment.
        Here, 
the State asserts that Appellant’s argument is that the record is insufficient 
to support his conviction for the offense of aggravated assault with a deadly 
weapon because the record fails to reflect that Appellant admitted the use or 
exhibition of a deadly weapon, but the court nevertheless entered a deadly 
weapon finding. We agree with the State.
        The 
pertinent portions of the court documents signed and referenced by Appellant are 
found on the last page of the court’s written plea admonishments, which state:
   
I hereby, in open Court, enter my plea of guilty,[2]  
to the (allegations contained in the INDICTMENT/INFORMATION against me)-(lesser 
included offense of Aggravated Assault).
  
 
        . 
. . . .
  
I 
further state that I have read the indictment or information filed in this case 
and that I committed each and every allegation it contains. I am guilty of the 
offense alleged as well as all lesser included offenses. I swear to all of the 
foregoing and I further swear that all testimony I give in the case will be the 
truth, the whole truth and nothing but the truth, so help me God.
  
 
        Appellant 
maintains that although his written plea of guilty refers to the offense of 
aggravated assault, the form does not state whether it refers to Texas Penal 
Code section 22.02(a)(1) or section 22.02(a)(2), (which describe felony assault) 
or to misdemeanor assault under Texas Penal Code section 22.01 (because 
Appellant argues that an admission of aggravated assault, coupled with two 
references to lesser included offenses could support a plea to Class A 
misdemeanor assault causing bodily injury).
        The 
State, however, points out that the first page of the court’s written 
admonishments, which Appellant signed, specifically provides that the felony 
offense Appellant is charged with is “Aggravated Assault-Bodily Injury-Deadly 
Weapon.” Appellant, along with his attorney, signed an acknowledgment stating 
that he understood the “foregoing admonishments.” Those foregoing 
admonishments listed the aggravated assault-bodily injury-deadly weapon as a 
second degree felony. Furthermore, Appellant’s judicial confession admitted 
that he was “guilty of the offense alleged as well as all lesser 
included offenses.” [emphasis added].
        Moreover, 
Appellant and his attorney signed a “recommendation by the prosecutor” that 
reflected that Appellant agreed with the recommendation indicated on the form. 
The form indicates that the agreed recommendation was an “open plea to the 
court” to the charge of “Aggravated Assault-Bodily Injury-Deadly Weapon.” 
The form includes the specific offense code for the offense (130116 ), the 
degree of the offense (F2), and the penalty range for the offense (2 years-20 
years ID-TDCJ; up to $10,000).
        Although 
it appears from the above mentioned documents in the clerk’s record that 
Appellant knew what he was admitting to, the contents of the clerk’s record 
are not evidence unless the trial court takes judicial notice of them or they 
are offered into evidence. See Elwell v. State, 872 S.W.2d 797, 798-800 
(Tex. App.—Dallas 1994, no pet.); White v. State, 871 S.W.2d 833, 836 
(Tex. App.—Houston [14th Dist.] 1994), overruled on other grounds by, 
Richards v. State, 150 S.W.3d 762 (Tex. App.—Houston [14th Dist.] 2004); Shields 
v. State, 820 S.W.2d 831, 833 (Tex. App.—Waco 1991, no pet.) Nothing 
before us indicates that the trial court took judicial notice of the contents of 
the clerk’s record. Of course, the only record before us is the clerk’s 
record because Appellant affirmatively waived his right to a reporter’s 
record. Texas Rule of Appellate Procedure 34.6(c)(5) provides:
   
In a criminal case, if the statement contains a point complaining that the 
evidence is insufficient to support a finding of guilt, the record must include 
all the evidence admitted at the trial on the issue of guilt or innocence and 
punishment.
  
 
        A 
criminal defendant may not waive the making of a record and then, on appeal, 
rely on the absence of evidence to support reversal of his conviction. Tex. R. App. P. 34.6(c)(5); McDougal 
v. State, 105 S.W.3d 119, 121 (Tex. App.—Fort Worth 2003, pet ref’d).
        Article 
1.15 clearly requires the State to introduce sufficient evidence into the record 
to support a guilty plea. Tex. Code Crim. 
Proc. Ann. art. 1.15 (Vernon 2005). An appellant in a criminal case must 
bring forth a complete record in support of his complaint and bears the burden 
of demonstrating that the State failed to satisfy the requirements of article 
1.15. McDougal, 105 S.W.3d at 121. The presumption of regularity is a 
judicial construct that requires a reviewing court, “absent evidence of 
impropriety,” to indulge every presumption in favor of the regularity of the 
trial court’s judgment. Light v. State, 15 S.W.3d 104, 107 (Tex. Crim. 
App. 2000). The presumption of regularity of the judgment and proceedings has 
been consistently upheld absent a showing to the contrary. Dusenberry v. 
State, 915 S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1996, pet. 
ref’d). The burden is on the defendant to overcome the presumption. Id.
        Without 
a reporter’s record, we cannot review whether the State introduced evidence at 
the plea proceeding. However, we must presume there was sufficient evidence to 
sustain and support the judgment. Light, 15 S.W.3d at 107; see Allison 
v. State, 618 S.W.2d 763, 765 (Tex. Crim. App. [Panel Op.] 1981) (holding 
that without statement of facts from plea hearing, court could not determine 
whether transcript constituted all evidence presented to trial court); McDougal, 
105 S.W.3d at 121 (holding defendant failed to bring forward sufficient record 
to support his challenge to sufficiency of evidence when he waived right to have 
plea proceeding recorded); Williams v. State, 950 S.W.2d 383, 385 (Tex. 
App.—Houston [1st Dist.] 1997, pet. ref’d) (holding lack of statement of 
facts from plea hearing is sufficient reason to overrule sufficiency challenge).[3]  Accordingly, Appellant failed to meet his burden. We 
overrule Appellant’s sole point and affirm the trial court’s judgment.
      
    
                                                                  PER 
CURIAM
   
   
PANEL 
B: HOLMAN, GARDNER, and McCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 5, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
We note that the terms “guilty” and “Aggravated Assault” were hand 
written into the form.
3.  
Under prior rules of appellate procedure, what is now the “reporter’s 
record” was called a “statement of facts.”  See Champion v. State, 
126 S.W.3d 686, 692 (Tex. App.—Amarillo 2004, pet. ref’d) (discussing former 
rule 50(e)).  The “clerk’s record” was called a “transcript.” Id.