

**In the
Court of Appeals
Second Appellate District of Texas
at Fort Worth**

———————————————

No. 02-20-00115-CR

———————————————

NICOLETTE L. COLLINS, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1532863D

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Nicolette Collins appeals her conviction for passing a forged financial instrument. We affirm.

In 2018, Collins was indicted on nine counts. Pursuant to a plea agreement, the State waived eight of the counts and proceeded only on Count Two, passing a forged financial instrument, to which Collins agreed to plead guilty. *See* Tex. Penal Code Ann. § 32.21(a)(1)(A)(iii), (a)(1)(B), (b). With an enhancement for her prior felony offenses, the forgery count was punishable as a felony of the third degree for which she faced punishment of two to ten years' confinement. *See id.* §§ 12.34(a), .425(a). As part of the plea paperwork, Collins signed what was titled a "Judicial Confession." The trial court assessed punishment at two and a half years' confinement.

On appeal, Collins contends that the evidence is insufficient to support her conviction under Article 1.15 of the Texas Code of Criminal Procedure.

Article 1.15 requires the State to introduce sufficient evidence into the record to support a guilty plea. Tex. Code Crim. Proc. Ann. art. 1.15. "Article 1.15 constitutes an additional procedural safeguard required by the State of Texas but not by federal constitutional law." *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009) (cleaned up). "No trial court is authorized to render a conviction in a felony case, consistent with Article 1.15, based upon a plea of guilty without sufficient evidence to support the same." *Id.* (cleaned up). "Evidence offered in support of a guilty plea may take many forms," one of which is a written, sworn judicial confession

"specifically admitting his culpability or at least acknowledging generally that the allegations against him are in fact true and correct." *Id.* A judicial confession is sufficient if it contains the defendant's admission that the allegations in the indictment are true and correct or that she committed the offense as alleged in the indictment. *Potts v. State*, 571 S.W.2d 180, 182 (Tex. Crim. App. [Panel Op.] 1978); *Wilson v. State*, Nos. 2-03-255-CR through 2-03-257-CR, 2004 WL 362341, at *1 (Tex. App.—Fort Worth Feb. 26, 2004, pet. ref'd) (per curiam) (mem. op., not designated for publication).

Just such a judicial confession appears in the clerk's record. In the confession, Collins swore that she had read the indictment, that she had committed each and every act alleged therein except those acts waived by the State, that she was guilty of the charged offense, and that all other affirmative findings made by the court pursuant to the plea agreement were true and correct.

The contents of the clerk's record, though, are not evidence unless the trial court takes judicial notice of them or they are offered into evidence. *McDougal v. State*, 105 S.W.3d 119, 120–21 (Tex. App.—Fort Worth 2003, pet. ref'd). Nothing before us indicates that the trial court took judicial notice of the contents of the clerk's record. *See id.* at 121.

Of course, the likely reason that we lack any such indication is that Collins has failed to provide this court a reporter's record of the plea proceedings. *See id.* An appellant in a criminal case must bring forth a complete record in support of her

3

complaint and bears the burden of demonstrating that the State failed to satisfy the requirements of Article 1.15. *Id.* "A criminal defendant may not waive the making of a record and then, on appeal, rely on the absence of evidence to support reversal of his conviction." *Id.* "[T]his court is not obligated to review a nonexistent record, especially when the only challenge is to the State's adequate compliance with article 1.15." *Id.*

Appellant has failed to provide a sufficient record to support her complaint. We therefore overrule her sole point on appeal and affirm the trial court's judgment.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 8, 2021