

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00414-CR
No. 02-24-00415-CR

———————————————

CHRISTOPHER RIDALE GIBBS, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court Nos. 1749962, 1749964

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant Christopher Ridale Gibbs pleaded guilty to six felonies,[1] signed judicial confessions admitting his crimes, and waived his right to a record of his plea proceeding. Yet, in his sole appellate issue, Gibbs argues that the evidence was insufficient to support four of his six guilty pleas,[2] citing Article 1.15 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 1.15 (prohibiting a felony defendant's "convict[ion] upon his [guilty] plea without sufficient evidence to support the same").

But Gibbs cannot "waive the making of a record [of his plea proceeding] and then, on appeal, rely on the absence of evidence to support reversal of his conviction." *Collins v. State*, No. 02-20-00115-CR, 2021 WL 1323427, at *1 (Tex. App.—Fort Worth Apr. 8, 2021, pet. ref'd) (per curiam) (mem. op., not designated for publication) (rejecting Article 1.15 sufficiency challenge when defendant signed judicial confession and failed to provide record of plea proceedings). As the appellant, Gibbs "bears the burden of demonstrating that the State failed to satisfy the

---

[1]Gibbs did not enter into a sentencing bargain with the State, and although one of his indictments was amended on the day of his plea, there is no indication that the amendment was the result of a charge bargain. The trial court confirmed as much by certifying Gibbs's right of appeal. *See* Tex. R. App. P. 25.2(a)(2) (limiting defendant's right of appeal following plea bargain and requiring trial court certification clarifying defendant's right of appeal).

[2]Gibbs focuses on the evidence presented during his punishment hearing, which he claims was limited to two of his six offenses.

[evidentiary] requirements of Article 1.15," and to carry this burden, he "must bring forth a complete record of the evidence before the factfinder." *Id.*; *McDougal v. State*, 105 S.W.3d 119, 121 (Tex. App.—Fort Worth 2003, pet. ref'd); *see* Tex. R. App. P. 34.6(c)(5) (stating that, "[i]n a criminal case, . . . [if the appellant is] complaining that the evidence is insufficient to support a finding of guilt, the record must include all the evidence admitted at the trial on the issue of guilt or innocence and punishment"). Gibbs has not provided a record of his plea, and "this court is not obligated to review a nonexistent record," nor is it permitted to presume that the State offered insufficient evidence at an unrecorded proceeding.[3] *McDougal*, 105 S.W.3d at 121 (rejecting Article 1.15 complaint based on appellant's failure to provide reporter's record).

---

[3]Furthermore, the clerk's record reflects that Gibbs signed judicial confessions affirming that he had "read the charging instrument[s]" filed in his cases and that he had "committed each act to which [he was] pleading guilty." Such a judicial confession is sufficient to support a guilty plea and satisfy Article 1.15. *See Collins*, 2021 WL 1323427, at *1–2 (recognizing that a judicial confession is sufficient "if it contains the defendant's admission that the allegations in the indictment are true and correct or that []he committed the offense as alleged in the indictment"); *Mooso v. State*, Nos. 02-19-00111-CR, 02-19-00112-CR, 02-19-00113-CR, 2019 WL 5460677, at *1 (Tex. App.—Fort Worth Oct. 24, 2019, pet. ref'd) (mem. op., not designated for publication) (reiterating that "a judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea").

However, because Gibbs waived a record of his plea proceeding, his judicial confessions appear in the clerk's record—not in the reporter's record. And although the confessions state that Gibbs's affirmations were made "in open court and joined by counsel," generally, "[t]he contents of the clerk's record . . . are not evidence unless the trial court takes judicial notice of them or they are offered into evidence." *Collins*, 2021 WL 1323427, at *1.

Gibbs has thus failed to present a record adequate to support his Article 1.15 sufficiency complaint. *See* Tex. R. App. P. 34.6(c)(5); *Collins*, 2021 WL 1323427, at *1–2; *McDougal*, 105 S.W.3d at 121. We overrule this sole appellate issue and affirm the trial court's judgments. *See* Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 22, 2025