Troy Reese Turner v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-469-CR

TROY REESE TURNER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Pursuant to a plea bargain, Appellant Troy Reese Turner pled guilty to the sexual assault of a child under seventeen years of age and was placed on ten years’ deferred adjudication community supervision.  Later, the State filed a petition to adjudicate, alleging, among other things, several instances of Appellant’s illegal use of controlled substances and several instances of his failure to attend group therapy sessions, all violations of his conditions of deferred adjudication community supervision.  Upon Appellant’s plea of true to these allegations, or, in the vernacular, his plea of “true but,” the trial court adjudicated Appellant guilty of sexual assault of a child under seventeen years of age and sentenced him to eight years’ confinement.  Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 2) by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Once an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for the appellant to see if there is any arguable ground that may be raised on his behalf.
(footnote: 3)
 Our independent review for potential error is limited to potential jurisdictional defects,
(footnote: 4) potential errors not involving the decision to adjudicate,
(footnote: 5) and potential errors occurring after adjudication.
(footnote: 6)  Our independent review of the record reveals that counsel has correctly determined that there are no arguable grounds for relief.

There are no jurisdictional errors; the trial court had subject matter jurisdiction over this case.
(footnote: 7)  Further, the indictment was not defective; it sufficiently conferred jurisdiction on the trial court and gave Appellant sufficient notice.
(footnote: 8)  Appellant pled guilty, and his signed judicial confession appears in the clerk’s record, but there is no indication that the trial court took judicial notice of the judicial confession or admitted it into evidence.
(footnote: 9)  Appellant, however, waived a reporter’s record at the time he entered his plea of guilty; consequently, he has not preserved any issues concerning sufficiency of the evidence to show his guilt.
(footnote: 10)  Appellant pled true to several allegations in the petition to adjudicate; proof of just one allegation in the petition to adjudicate is sufficient support for revocation.
(footnote: 11)  Appellant was given the opportunity to offer mitigating evidence and did so during the combined hearing, not objecting to the absence of a separate punishment hearing after adjudication and revocation.
(footnote: 12)  It is clear from the reporter’s record and the sentence of eight years that the trial court considered the mitigating evidence.  The sentence assessed by the trial court is well within the statutorily permissible range of two to twenty years’ confinement.
(footnote: 13)  Appellant was represented by counsel in all proceedings.

After independently reviewing the record, we therefore agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  MAY 5, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 

4:
See Nix v. State
, 65 S.W.3d 664, 668-69 (Tex. Crim. App. 2001).

5:
See 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2004-05); 
Vidaurri v. State
, 49 S.W.3d 880, 884 (Tex. Crim. App. 2001); 
Manuel v. State
, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999).

6:
See 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b); 
Vidaurri
, 49 S.W.3d at 885.

7:
See
 Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon 2005).

8:
See
 
Tex. Const.
 art. V, § 12(b)
; 
Tex. Penal Code Ann.
 § 22.011(a)(2)(A) (Vernon 2003); 
Studer v. State
, 799 S.W.2d 263, 272-73 (Tex. Crim. App. 1990).

9:
See
 
McDougal v. State
, 105 S.W.3d 119, 120-21 & n.9 (Tex. App.—Fort Worth 2003, pet. ref’d).

10:
See id.
 at 121.

11:
See Moore v. State
, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

12:
See Hardeman v. State
, 1 S.W.3d 689, 690-91 (Tex. Crim. App. 1999) (holding that defendant does not have absolute right to a separate punishment hearing but must have opportunity to present mitigating evidence if that right was not afforded during the adjudication).

13:
See
 
Tex. Penal Code Ann.
 §§ 12.33(a), 22.011(f) (Vernon 2003 & Supp. 2004-05).