COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-469-CR
 
  
TROY 
REESE TURNER                                                            APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Pursuant 
to a plea bargain, Appellant Troy Reese Turner pled guilty to the sexual assault 
of a child under seventeen years of age and was placed on ten years’ deferred 
adjudication community supervision. Later, the State filed a petition to 
adjudicate, alleging, among other things, several instances of Appellant’s 
illegal use of controlled substances and several instances of his failure to 
attend group therapy sessions, all violations of his conditions of deferred 
adjudication community supervision. Upon Appellant’s plea of true to these 
allegations, or, in the vernacular, his plea of “true but,” the trial court 
adjudicated Appellant guilty of sexual assault of a child under seventeen years 
of age and sentenced him to eight years’ confinement. Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel avers that, in his 
professional opinion, this appeal is frivolous. Counsel’s brief and motion 
meet the requirements of Anders v. California[2] 
by presenting a professional evaluation of the record demonstrating why there 
are no arguable grounds for relief.
        Once 
an appellant’s court-appointed counsel files a motion to withdraw on the 
ground that the appeal is frivolous and fulfills the requirements of Anders, 
we are obligated to undertake an independent examination of the record and to 
essentially rebrief the case for the appellant to see if there is any arguable 
ground that may be raised on his behalf.[3]
        Our 
independent review for potential error is limited to potential jurisdictional 
defects,[4] potential errors not involving the 
decision to adjudicate,[5] and potential errors 
occurring after adjudication.[6]  Our independent 
review of the record reveals that counsel has correctly determined that there 
are no arguable grounds for relief.
        There 
are no jurisdictional errors; the trial court had subject matter jurisdiction 
over this case.[7]  Further, the indictment was 
not defective; it sufficiently conferred jurisdiction on the trial court and 
gave Appellant sufficient notice.[8]  Appellant 
pled guilty, and his signed judicial confession appears in the clerk’s record, 
but there is no indication that the trial court took judicial notice of the 
judicial confession or admitted it into evidence.[9]  
Appellant, however, waived a reporter’s record at the time he entered his plea 
of guilty; consequently, he has not preserved any issues concerning sufficiency 
of the evidence to show his guilt.[10]  
Appellant pled true to several allegations in the petition to adjudicate; proof 
of just one allegation in the petition to adjudicate is sufficient support for 
revocation.[11]  Appellant was given the 
opportunity to offer mitigating evidence and did so during the combined hearing, 
not objecting to the absence of a separate punishment hearing after adjudication 
and revocation.[12]  It is clear from the 
reporter’s record and the sentence of eight years that the trial court 
considered the mitigating evidence. The sentence assessed by the trial court is 
well within the statutorily permissible range of two to twenty years’ 
confinement.[13]  Appellant was represented by 
counsel in all proceedings.
        After 
independently reviewing the record, we therefore agree with appellate 
counsel’s determination that any appeal from this case would be frivolous. 
Accordingly, we grant appellate counsel’s motion to withdraw and affirm the 
trial court’s judgment.
   
  
                                                          LEE 
ANN DAUPHINOT
                                                          JUSTICE
 
 
 
PANEL 
A:   CAYCE, C.J.; DAUPHINOT and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
MAY 5, 2005


NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
386 U.S. 738, 87 S. Ct. 1396 (1967).
3. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).
4. 
See Nix v. State, 65 S.W.3d 664, 668-69 (Tex. Crim. App. 2001).
5. 
See Tex. Code Crim. Proc. Ann. 
art. 42.12, § 5(b) (Vernon Supp. 2004-05); Vidaurri v. State, 49 S.W.3d 
880, 884 (Tex. Crim. App. 2001); Manuel v. State, 994 S.W.2d 658, 661 
(Tex. Crim. App. 1999).
6. 
See Tex. Code Crim. Proc. Ann. 
art. 42.12, § 5(b); Vidaurri, 49 S.W.3d at 885.
7. 
See Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon 2005).
8. 
See Tex. Const. art. V, § 
12(b); Tex. Penal Code Ann. § 
22.011(a)(2)(A) (Vernon 2003); Studer v. State, 799 S.W.2d 263, 272-73 
(Tex. Crim. App. 1990).
9. 
See McDougal v. State, 105 S.W.3d 119, 120-21 & n.9 (Tex. 
App.—Fort Worth 2003, pet. ref’d).
10. 
See id. at 121.
11. 
See Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).
12. 
See Hardeman v. State, 1 S.W.3d 689, 690-91 (Tex. Crim. App. 1999) 
(holding that defendant does not have absolute right to a separate punishment 
hearing but must have opportunity to present mitigating evidence if that right 
was not afforded during the adjudication).
13. 
See Tex. Penal Code Ann. 
§§ 12.33(a), 22.011(f) (Vernon 2003 & Supp. 2004-05).