**Opinion issued August 30, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00419-CR

———————————

**ABEL GALINDO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1502015**

---

## O P I N I O N

Appellant Abel Galindo pleaded guilty, without an agreed punishment recommendation from the State, to cruelty to nonlivestock animals. He also pleaded true to a deadly-weapon allegation in the indictment. A pre-sentence investigation report was completed and a sentencing hearing was conducted. The

trial court found Galindo guilty, and it found the deadly-weapon allegation to be true. It sentenced him to five years in prison.

Relying on the recent decision in *Prichard v. State*, 533 S.W.3d 315 (Tex. Crim. App. 2017), Galindo contends that the evidence was legally insufficient to support the deadly-weapon finding, and his sentence is therefore void. We conclude that *Prichard* is distinguishable because the evidence before the trial court supported a finding that the canine victim of Galindo's abuse was not the sole object of his use of a deadly weapon. Because the evidence supported a finding that Galindo threatened human bystanders with the knife that he also used to injure a dog, we affirm the judgment.

## Background

The appellant, Abel Galindo, lived with and physically abused Luisa Becerra for two years. Galindo choked Becerra, he threatened her with a knife, and he beat her many times. Galindo also threatened Becerra in front of her nine-year-old son, who was afraid of him. They owned a dog.

One night, the dog chewed an ottoman. Galindo grabbed and hit the dog, which bit him. In retaliation, Galindo stabbed the dog with a kitchen knife, leaving "a large 5 to 6 inch laceration."

Galindo was charged with committing the state jail felony offense of cruelty to nonlivestock animals. *See* TEX. PENAL CODE § 42.092(b)(1), (c).[*] The indictment alleged that he "did . . . unlawfully, INTENTIONALLY, KNOWINGLY AND RECKLESSLY, TORTURE AN ANIMAL, namely, A DOG, by CUTTING THE DOG WITH A KNIFE . . . ." The indictment further alleged that at the time Galindo committed the offense, "he used and exhibited a deadly weapon, namely, a KNIFE, during the commission of said offense and during the immediate flight from said offense."

Galindo executed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," which indicated that he understood the allegations in the indictment, and they were true. In that document, he waived his rights to a trial by jury and to require the appearance, confrontation, and cross-examination of witnesses. He additionally consented, in open court, to the oral and written stipulation of evidence, and to the introduction of affidavits and other documentary evidence. The document was signed and sworn by Galindo, and

---

[*]  Act of May 28, 2007, 80th Leg., R.S., ch. 886, § 2, 2007 Tex. Gen. Laws 2163, 2165 (amended 2017) (current version at TEX. PENAL CODE § 42.092(b)(1), (c-1)). The offense and the trial court proceedings occurred before the September 1, 2017 effective date of amendments to Penal Code Section 42.092, which amended subsection (c) and added subsection (c-1), and which designated an offense under Section 42.092(b)(1) as a third-degree felony. Under the law applicable to this direct appeal, an offense under Section 42.092(b)(1) was a state jail felony.

it was approved in writing by his attorney and by the assistant district attorney. It was filed with the papers of the case and approved in writing by the trial judge.

The trial court admonished Galindo about the consequences of his guilty plea, including the possibility of an enhanced sentence based upon the deadly-weapon allegation. Galindo pleaded guilty to the offense, and he also pleaded true to the deadly-weapon paragraph. The court accepted both pleas, and it found the deadly-weapon paragraph to be true. It ordered a pre-sentencing investigation (PSI) report.

The court subsequently held a sentencing hearing, at which the State offered the PSI report and a Texas Risk Assessment System (TRAS) report into evidence. Both documents were accepted into evidence without objection.

A written statement by Becerra, which she made under penalty of perjury on the evening of the incident, was attached to the PSI report. According to that statement, Galindo injured the dog after it chewed an ottoman. Becerra returned home from work to find that the dog had been stabbed. Her son informed her that Galindo had grabbed the dog, and he hit the dog until it retaliated by biting him. Galindo stabbed the dog, and he then threatened to hit Becerra's son for failing to stop the dog from chewing the furniture.

The TRAS report indicated that on the night of the incident, law enforcement officers responded to a report of a terroristic threat. According to that

report, Becerra told them that Galindo attacked their dog with a kitchen knife "for no reason" and because "he was mad at her." The report stated that Becerra said Galindo "became irate from a fight they had the previous night and during the altercation he threatened her with a knife and stabbed the dog." The report further indicated that the officers observed the dog's injury, and it appeared to have been caused by a blade. Becerra's son also informed officers that he saw Galindo "slice the dog with a kitchen knife."

Galindo testified at the sentencing hearing. He admitted that he injured the dog because he was stressed about problems in his relationship with Becerra. The trial judge found Galindo guilty of the cruelty-to-animals offense, and it found the deadly-weapon allegation to be true. The judge sentenced Galindo to five years in prison.

**Analysis**

On appeal, Galindo contends that the deadly-weapon finding was made under circumstances in which a deadly weapon was used or exhibited only against a "nonhuman." He argues that the evidence therefore was legally insufficient to support the deadly-weapon finding.

Galindo relies upon the recent decision in *Prichard v. State*. The appellant in *Prichard* was accused of killing his dog by repeatedly hitting it on the head with a shovel and then drowning it in a swimming pool. 533 S.W.3d at 317. He was

5

indicted for cruelty to a non-livestock animal. *Id.*; *see* Act of May 28, 2007, 80th Leg., R.S., ch. 886, § 2, 2007 Tex. Gen. Laws 2163, 2165 (amended 2017) (current version at TEX. CODE CRIM. PROC. art. § 42.092(b)(1), (c-1)). The indictment alleged that the shovel or the pool water, or the combination of both, constituted use of a deadly weapon. *Prichard*, 533 S.W.3d at 317. The jury found Prichard guilty, and it found that he had used a deadly weapon during the commission of the offense. *Id.* 317–18. Because of the affirmative deadly-weapon finding, the permissible range for punishment was increased from that of a state jail felony to that of a third-degree felony, and the jury assessed punishment at imprisonment for 6½ years. *Id.* at 318; *see also* TEX. PENAL CODE § 12.35(c)(1).

On appeal, Prichard argued that the evidence was legally insufficient to support the deadly-weapon finding because no human was harmed or placed at risk of harm because of his conduct. *Prichard*, 533 S.W.3d at 318. After analyzing the statute, the Court of Criminal Appeals held that evidence is legally insufficient to support a deadly-weapon finding "under circumstances in which the sole recipient or being against whom a deadly weapon was used or exhibited was a nonhuman." *Id.* at 331. Because the permissible range of punishment was affected by the deadly-weapon finding, the Court remanded the case for a new punishment hearing. *Id.* at 330–31.

The State points out two differences between *Prichard* and Galindo's case. Galindo pleaded true to the deadly-weapon allegation, while Prichard pleaded not true to the deadly-weapon allegation, and the affirmative finding on that issue was made by a jury. 533 S.W.3d at 318. The State also asserts that the facts are distinguishable because in *Prichard* there was no indication that any human was in danger, or that any human other than Prichard was present when he killed the dog. In contrast, although the record reflects different accounts of Galindo's offense, both accounts reflected that either Becerra or her son was present during the offense.

A defendant who pleads guilty in a criminal prosecution generally waives his right to challenge the sufficiency of the evidence. *Keller v. State*, 125 S.W.3d 600, 605 (Tex. App.—Houston [1st Dist.] 2003), *pet. dism'd, improvidently granted*, 146 S.W.3d 677 (Tex. Crim. App. 2004) (per curiam). In such cases, our review is confined to determining whether sufficient evidence supports the trial court's judgment of guilt. *Id.* Upon a guilty plea, the State must introduce evidence of the defendant's guilt into the record, and the evidence must be accepted by the court as the basis for its judgment. TEX. CODE CRIM. PROC. art. 1.15. "The State, however, is not required to prove the defendant's guilt beyond a reasonable doubt; the supporting evidence must simply embrace every essential element of the charged offense." *Staggs v. State*, 314 S.W.3d 155, 159 (Tex. App.—Houston [1st

7

Dist.] 2010, no pet.). A judicial confession alone is usually sufficient to satisfy the State's burden under article 1.15. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Likewise, a judicial confession that includes an admission to the use of a deadly weapon is sufficient evidence to show use of a deadly weapon, and the record need not otherwise provide proof. *See Keller*, 125 S.W.3d at 605. A judicial confession that fails to establish each element of the offense charged will not authorize the trial court to convict the defendant, but a deficiency in one form of proof may be cured by other competent evidence in the record. *Menefee*, 287 S.W.3d at 14.

Galindo argues that he is entitled to challenge the sufficiency of the evidence to support the deadly-weapon finding, although his brief did not address the effect of his guilty plea or the evidence that humans were at least peripherally involved in the offense. Assuming without deciding that Galindo may challenge the sufficiency of the evidence of the deadly-weapon finding despite pleading "true" to the allegation, we conclude that the facts of this case are distinguishable from *Prichard* and the evidence was sufficient to support the judgment.

Our evidentiary review considers the entire plea proceeding, including sentencing, to determine whether there was sufficient evidence independent of Galindo's confessions to substantiate his guilt. *See Dinnery v. State*, 592 S.W.2d 343, 352 (Tex. Crim. App. 1979); *see also Menefee*, 287 S.W.3d at 14 n.20. The

8

indictment alleged that Galindo "used and exhibited a deadly weapon, namely, a KNIFE, during the commission" of the offense, and it did not specify whether the use and exhibition of the knife was against the dog, Becerra, her son, or some combination thereof.

At sentencing, the State presented evidence of two different versions of events. The account included in the PSI report, which is consistent with the arguments made by defense counsel and by the State at the sentencing hearing, indicated that Galindo became upset during an argument with Becerra and he threatened her with a knife. He then used the knife to cut the dog in front of Becerra and her son. Becerra's affidavit claimed that Galindo injured the dog after it bit him. In contrast to the PSI report, the affidavit suggested that Becerra was not present when Galindo stabbed the dog in front of her son.

The Court of Criminal Appeals in *Prichard* concluded that evidence is legally insufficient to support a deadly-weapon finding "under circumstances in which the sole recipient or being against whom a deadly weapon was used or exhibited was a nonhuman." 533 S.W.3d at 331. The reference to the nonhuman as the "sole" object of the use of the deadly weapon left open the possibility of a deadly-weapon finding under circumstances when the weapon was used or exhibited against a human during the commission of an offense against an animal.

Galindo does not offer any argument as to why his use of the knife in either version of events supported by the evidence does not constitute use or exhibition of a deadly weapon against a human. The trial court found sufficient evidence to support his guilty plea, and it accepted his plea that the deadly-weapon paragraph was true. We conclude that Galindo's stipulation of guilt, his judicial confession, and the evidence presented at the sentencing hearing are sufficient evidence to support the trial court's judgment under article 1.15 of the Code of Criminal Procedure. *See Ex parte Palmberg*, 491 S.W.3d 804, 808 (Tex. Crim. App. 2016). We overrule Galindo's first issue.

In his second issue, Galindo argues that a deadly-weapon finding cannot be made in this case, and his sentence is therefore illegal because it is outside of the permissible range for a state jail felony. *See* TEX. PENAL CODE § 12.35. However, as discussed above, the evidence supports the court's deadly-weapon finding. The court therefore properly sentenced Galindo within a permissible range for a third-degree felony. We overrule Galindo's second issue.

## Conclusion

We affirm the judgment of the trial court.


                                        Michael Massengale
                                        Justice

Panel consists of Justices Keyes, Bland, and Massengale.

Publish. TEX. R. APP. P. 47.2(b).