

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00372-CR

———————————————————

VIOLET LASHUN GIDDINGS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1586939D

---

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

### I. Introduction

Appellant Violet Lashun Giddings pleaded guilty to one count of fraudulent use or possession of an elderly person's identifying information (by the fraudulent writing of a check), and the trial court sentenced her to five years' confinement. *See* Tex. Penal Code Ann. § 32.51(b)(1) (stating that a person commits an offense if the person, with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of identifying information of another person without the other person's consent or effective consent). In a single issue, she complains that the evidence is insufficient to support her guilty plea. We affirm the trial court's judgment.

### II. Background

On August 9, 2019, Appellant pleaded guilty to the count and signed written plea admonishments. Included in the written plea admonishments was a "Written Waivers of Defendant—Joined By Attorney," in which Appellant waived several of her rights, including the right to a jury trial and to the appearance, confrontation, and cross-examination of witnesses.[1] In that document, Appellant also consented to oral and written stipulations of the evidence. Additionally, Appellant executed a judicial

---

[1]During the pendency of the appeal, a question arose about whether Appellant had entered into a charge bargain with the State, implicating this court's jurisdiction. *See Harper v. State*, 567 S.W.3d 450, 454–55 (Tex. App.—Fort Worth 2019, no pet.) (explaining that when a charge bargain effectively caps the maximum punishment, the appeal falls under Texas Rule of Appellate Procedure 25.2(a)(2)). We abated the appeal to the trial court to make findings, and the trial court did so, finding that Appellant's guilty plea was not the result of a charge bargain.

confession in which she admitted to committing "each and every" act alleged in the indictment:

> Upon my oath I swear my true name is Violet Lashun Giddings and I am 55 years of age; I have read the indictment or information filed in this case and I committed each and every act alleged therein, except those acts waived by the State. All facts alleged in the indictment or information are true and correct. I am guilty of the instant offense as well as all lesser included offenses. All enhancement and habitual allegations set forth in the indictment are true and correct, except those waived by the State. All deadly weapon allegations are true and correct. All other affirmative findings made by the Court pursuant to this plea agreement are true and correct. I further admit my guilt on any unadjudicated offenses set forth in the plea recommendation set out above, and request the Court to take each into account in determining my sentence for the instant offense. I swear to the truth of all of the foregoing and I further swear that all testimony I give in the case will be the truth, the whole truth and nothing but the truth, so help me God.

Following the judicial confession, Appellant's counsel, the prosecutor, and the trial court signed Appellant's waivers and agreed to the trial court's taking judicial notice of Appellant's stipulations of evidence. In the waivers, they also represented that they were "join[ing] and approv[ing]" the waiver and stipulations, and agreement *in open court*:

> In open court we join and approve the waiver of jury trial pursuant to Art. 1.13, TEX. CODE OF CRIMINAL PROCEDURE and the stipulations of evidence pursuant to Art. 1.15, TEX. CODE OF CRIMINAL PROCEDURE. We further agree and consent to the admission of guilt of any unadjudicated offense under Sec. 12.45, TEXAS PENAL CODE. It is agreed that the Court may take judicial notice of this document and the Court takes judicial notice of same.

Later, during the sentencing hearing, the trial court confirmed Appellant's admission of guilt in this colloquy:

3

THE COURT: Ms. Giddings, are you the same Violet Giddings who appeared in the court on August 9th, 2019, and pled guilty to the offense of fraudulent use of identifying—or possession of identifying information under five items of an elderly person?

THE DEFENDANT: Yes, ma'am.

. . . .

THE COURT: And that's what you wanted to do is enter an open plea of guilty and have the court set your sentence?

THE DEFENDANT: Yes, ma'am.

THE COURT: And by pleading guilty, were you admitting that you are, in fact, guilty in this case?

THE DEFENDANT: Yes, ma'am.

But shortly after that, Appellant testified to the contrary, stating that she had not written the fraudulent check and had only pleaded guilty because her "previous record would stand in the way."

At the conclusion of the sentencing hearing, the trial court found Appellant guilty of one count of fraudulent use or possession of an elderly person's identifying information and sentenced Appellant to five years' confinement.

### III. Discussion

In her single issue, Appellant argues that Article 1.15 of the Texas Code of Criminal Procedure required the State to introduce evidence into the record to support her guilt and because it failed to do so, there was insufficient evidence in the record to support her conviction. Appellant argues in a sub-issue that the record also

fails to demonstrate compliance with Article 1.15 because there is no record of a stipulation to the evidence having been made in open court.

Article 1.15 provides:

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, *in open court*, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

Tex. Code Crim. Proc. Ann. art. 1.15 (emphasis added).

Regarding Appellant's sub-issue, that the record fails to demonstrate compliance with Article 1.15 because there is no record of a stipulation to the evidence having been made in open court, Appellant points only to the colloquy where the trial court confirmed Appellant's admission of guilt at the sentencing hearing, contending that no stipulation to the evidence pursuant to Article 1.15 took place at that time or at any other time, according to the record. But Appellant's argument ignores the elephant in the room. Appellant waived the attendance and record of a court reporter at the plea proceedings in the "Written Waivers of

5

Defendant—Joined By Attorney." And, as we have previously held, Appellant may not both waive the making of the record and then subsequently complain about insufficient proof in the record. *McDougal v. State*, 105 S.W.3d 119, 121 (Tex. App.—Fort Worth 2003, pet. ref'd). For Appellant to contend that the State failed to satisfy the requirements of Article 1.15, Appellant must bring forth the complete record of evidence for our review. *Id.* We cannot review a nonexistent record of a plea proceeding that was waived by the defendant. *Id.*

But we may rely on the clerk's record in the absence of a reporter's record of the plea proceedings. *See Scott v. State*, 86 S.W.3d 374, 375–76 (Tex. App.—Fort Worth 2002, no pet.). And here, the clerk's record reflects that prior to the sentencing hearing, Appellant executed the "Written Waivers of Defendant—Joined By Attorney" where Appellant "g[a]ve up [her] right to a jury . . . the right to appearance, confrontation and cross-examination of witnesses," and "to oral and written stipulations of evidence." Following Appellant's Written Waivers and Judicial Confession, Appellant's attorney, along with the prosecutor and the trial judge, signed an agreement that stated in relevant part, "*In open court* we join and approve the waiver of jury trial pursuant to Art. 1.13, TEX. CODE OF CRIMINAL PROCEDURE and the stipulations of evidence pursuant to Art. 1.15, TEX. CODE OF CRIMINAL PROCEDURE." [Emphasis added]. Thus, Appellant's argument that the trial court made no "stipulation to any evidence as required under 1.15" is belied by the clerk's

record, which includes Appellant's consent and the trial court's approval "in open court" of "oral and written stipulations of evidence" pursuant to Article 1.15.

Article 1.15 states that evidence may be stipulated if the defendant "consents in writing, in open court, to waive the appearance, confrontation and cross-examination of witnesses, and further consents . . . to an oral stipulation of the evidence and testimony." Tex. Code Crim. Proc. Ann. art. 1.15. Because the clerk's record contains an agreement where Appellant consented in open court to the waiver of the right to a jury; the right to appearance, confrontation, and cross-examination of witnesses; and to oral and written stipulations of evidence, we hold that Appellant stipulated to the evidence in compliance with Article 1.15.

As to Appellant's insufficiency of evidence issue, Appellant contends that the trial court's questions and Appellant's answers during the colloquy were "simply reflective of the plea being taken and do not constitute independent evidence of guilt or a referral to independent evidence of guilt." While Appellant concedes that she executed a judicial confession, she argues that since the State did not introduce the judicial confession into evidence and her statements at the colloquy did not show evidence of the elements of the charged offense, Article 1.15's requirements remained unsatisfied.

In support of her argument, Appellant relies on *Menefee v. State*, 287 S.W.3d 9 (Tex. Crim. App. 2009). In *Menefee*, the appellant pleaded guilty to the alleged felony and executed a written stipulation of evidence in support of his open guilty plea. *Id.* at

7

11. The Tyler court considered "whether the record might *otherwise* contain evidence sufficient to sustain the appellant's guilty plea" and decided that it did based on a "sworn colloquy between the trial court and the appellant in which the appellant acknowledged that he was pleading guilty to the offense as alleged in the indictment." *Id.* at 11–12, 14. But while the appellant in *Menefee* acknowledged his plea of guilty during that exchange, he did not admit that he committed the acts alleged in the indictment. Thus, the Court of Criminal Appeals ultimately held that such a sworn colloquy did not constitute a judicial confession and did not supply evidence sufficient to satisfy Article 1.15, concluding that a "guilty plea entered under oath is still just a guilty plea." *Id.* at 17–18 (reversing the court of appeals's judgment and remanding to that court for consideration of other issues).

Given the facts before us, Appellant's reliance on *Menefee* is misplaced because Appellant here did not merely enter a guilty plea under oath, and the record before us is not limited to the colloquy between the trial court and Appellant. Here, prior to the sentencing hearing, Appellant not only executed a judicial confession that stated, "I have read the indictment or information filed in this case and I committed each and every act alleged therein," but also entered into an agreement, approved by the trial court, that "the Court may take judicial notice of this document and the Court takes judicial notice of the same." The Court of Criminal Appeals has instructed us that a judicial confession, standing alone, may provide sufficient evidence to satisfy the requirements of Article 1.15 and sustain a conviction upon a guilty plea. *Dinnery v.*

8

*State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1980) (en banc) (op. on reh'g). Following *Dinnery*, we have held, under facts similar to these, that where "the accused specifically states in the judicial confession, 'I have read the indictment or information in this case and I committed each and every act alleged therein,' the judicial confession standing alone is sufficient to support a guilty plea under Article 1.15 of the [C]ode of [C]riminal [P]rocedure." *Chindaphone v. State*, 241 S.W.3d 217, 219 (Tex. App.—Fort Worth 2007, pet. ref'd).

And "[w]hen a trial judge takes judicial notice of adjudicative facts, he authorizes the fact-finder to accept the truth or existence of those specific facts without requiring formal proof." *Watts v. State*, 99 S.W.3d 604, 609–10 (Tex. Crim. App. 2003). Thus, when a trial court takes judicial notice of a judicial confession that is sufficient to support a guilty plea and that satisfies Article 1.15, the State is not required to introduce the judicial confession into evidence. *Chindaphone*, 241 S.W.3d at 219; *see also McDougal*, 105 S.W.3d at 120–21 (recognizing that "[t]he contents of the clerk's record are not evidence unless the trial court takes judicial notice of them or they are offered into evidence").

Appellant's argument that the trial court made no reference to "any evidence stipulated to or otherwise" at the sentencing hearing ignores the rest of the record that includes an executed agreement that the court "may take judicial notice" and "does take judicial notice" of that document. Here, the trial court took judicial notice

9

of the judicial confession, and unlike the judicial confession in *Menefee*, the presented judicial confession embraces every element of the charged offense.

Moreover, the trial court also took judicial notice of the Presentence Investigation Report (PSI), which provided additional evidence that embraced the elements of the charged offense.[2] We hold that Appellant's stipulation to the evidence, her judicial confession, and the evidence included in the PSI are sufficient evidence to satisfy the requirements of Article 1.15. *Galindo v. State*, 564 S.W.3d 223, 227 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (holding that there was sufficient evidence to support a trial court's finding of guilt under Article 1.15 where the appellant stipulated to his guilt, judicially confessed to the charged offense, and the trial court relied on a PSI's account of the events surrounding the charged offense).

Finally, Appellant's testimony during the sentencing hearing that she had not written the fraudulent check and had only pleaded guilty because her "previous record would stand in the way," does not change this analysis. When presented with conflicting evidence after entry of a guilty plea, the trial court may, without withdrawing the plea, resolve a conflict in the evidence, and ultimately find the

---

[2]The PSI contains two versions of the events surrounding the charged offense—the police version and Appellant's version. The police version, based on witness statements, camera evidence, and the victim's statement, indicates that Appellant fraudulently wrote a check to cover her nail spa expenses. In Appellant's version, it was not Appellant, but rather a kindhearted stranger in the salon, who wrote the check to cover Appellant's expenses (ostensibly because the woman took pity on Appellant because she did not have enough money on hand.). Based on its holding, the trial court believed the police version of the events.

defendant guilty, guilty of a lesser offense, or not guilty, as the facts require. *See Thomas v. State*, 599 S.W.2d 823, 824 (Tex. Crim. App. [Panel Op.] 1980); *Rivera v. State*, 123 S.W.3d 21, 33 (Tex. App.—Houston [1st Dist.] 2003, pets. ref'd). Accordingly, despite Appellant's conflicting testimony at the sentencing hearing, there is sufficient evidence to support the trial court's judgment.

For these reasons, we overrule Appellant's sole issue.

## IV. Conclusion

Having overruled Appellant's sole issue, we affirm the judgment of the trial court.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 10, 2021