

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00286-CR

**KATHERINE ELIZABETH JONES,**

                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                    **Appellee**

### From the 413th District Court
### Johnson County, Texas
### Trial Court No. DC-F201800546

## MEMORANDUM OPINION

Katherine Elizabeth Jones pled guilty to one count of possession of a controlled substance (TCH), four grams or more but less than 400 grams, with the intent to deliver (Count 1) and one count of possession of marijuana (Count 2).[1] The trial court assessed

---

[1] Although Jones's retained counsel filed a notice of appeal "from the judgments of conviction and sentences rendered against Defendant….includ[ing] Counts 1 and 2…," no issue is raised concerning Count 2. In written correspondence received from counsel, counsel confirmed that after careful review of the record, counsel could find no arguable issue to present regarding Count 2. Because counsel is retained, a motion to withdraw and brief in support is not required. However, counsel's notice of appeal indicated that both convictions would be appealed. We will consider counsel's communication to the Court as a waiver of the intent to appeal the judgment as to Count 2.

Jones's punishment at 40 years in prison for Count 1 and two years in State Jail for Count 2. The sentences were ordered to run concurrently.

Although the trial court only certified Jones's right to appeal her punishment, in one issue, Jones asserts her plea of guilty to Count 1 was insufficient to support her conviction because her admission did not satisfy article 1.15 of the Texas Code of Criminal Procedure. Specifically, she contends the evidence was insufficient because her plea did not encompass an admission of guilt as to possession *with the intent to deliver* THC. Because her judicial confession met the requirements of article 1.15, we affirm the trial court's judgment.

A defendant who pleads guilty in a criminal prosecution generally waives his right to challenge the sufficiency of the evidence. *Galindo v. State*, 564 S.W.3d 223, 226 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *Keller v. State*, 125 S.W.3d 600, 605 (Tex. App.—Houston [1st Dist.] 2003), *pet. dism'd, improvidently granted*, 146 S.W.3d 677 (Tex. Crim. App. 2004) (per curiam). In such cases, our review is confined to determining whether sufficient evidence supports the trial court's judgment of guilt. *Id.*

When a defendant waives his right to a jury and enters a plea of guilty to a felony, the Code of Criminal Procedure requires the State to introduce evidence into the record showing the guilt of the defendant to serve as the basis for the trial court's judgment. TEX. CODE CRIM. PROC. art. 1.15; *Perryman v. State*, 159 S.W.3d 778, 787 (Tex. App.—Waco 2005, no pet.). So long as such a judicial confession covers all of the elements of the charged offense, it will suffice to support the guilty plea. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). *See Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979) (op. on

reh'g) ("a judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea (citations omitted), and to satisfy the requirements of Article 1.15…."); *Perryman*, 159 S.W.3d at 787. No evidentiary support is needed. *See Galindo*, 564 S.W.3d at 226.

As part of her guilty plea paperwork, Jones judicially confessed to "committing the offense(s) of CT I: possession of a controlled substance PG2, 4-400 grams with intent to deliver… exactly as charged within the indictment or information…." The indictment charged that Jones "INTENTIONALLY OR KNOWINGLY POSSESS[ED], WITH INTENT TO DELIVER, A CONTROLLED SUBSTANCE, NAMELY, TETRAHYDROCANNABINOL, IN AN AMOUNT OF FOUR GRAMS OR MORE BUT LESS THAN FOUR HUNDRED GRAMS, INCLUDING ANY ADULTERANTS OR DILUTANTS." Thus, the confession covered all of the elements of the charged offense. Jones also orally confessed that the allegations in the indictment were true and factually correct. Based on a review of the record, Jones's judicial confession, standing alone, supports the trial court's judgment.

Jones's issue is overruled.

Jones has also presented a sub-issue of nonreversible error, that the judgment in Count 1 incorrectly reflects that Jones was convicted pursuant to section "481.114(A)(D)" of the Texas Health and Safety Code when she was convicted pursuant to section 481.113(a) & (d) of the Texas Health and Safety Code. The State concedes that the judgment is incorrect and should be modified. We have the authority to make the judgment speak the truth when we have the necessary information to so do in the record. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993);

*Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Thus, we modify the trial court's judgment in Count 1 to reflect a conviction pursuant to section 481.113(a) & (d) of the Texas Health and Safety Code.

As modified, the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
 Justice Johnson, and
 Justice Smith
Affirmed as modified
Opinion delivered and filed January 4, 2023
Do not publish
[CRPM]

